### In re HINES.

(District Court, D. Oregon. April 2, 1906.)

No. 901.

1. BANKRUPTCY—BONDS.

Bankr. Act 1898. c. 541, § 3e, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3423], provides that when a petition is filed by any person to have another adjudged a bankrupt, and an application is made to take charge of and hold his property, or any part thereof, prior to the adjudication, the petitioner shall file a bond to pay all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt in case the petition is dismissed. *Held*, that the bond required by such section was only issued as a prerequisite to the taking of the property of an alleged bankrupt at the instance of the petitioners pending adjudication, and that, where property of the alleged bankrupts had been already seized under an execution, a bond given to secure an injunction restraining a sale, and to preserve the property pending the hearing of the bankruptcy petition, was not within such section.

2. INJUNCTION—BOND—RECOVERY—EXTENT.

Where, pending the sale of a debtor's stock of goods under execution, certain creditors filed a petition in bankruptcy against him, and obtained an injunction restraining the sale of the goods pending adjudication, which was subsequently denied, the alleged bankrupt was not entitled to recover on the injunction bond either attorney's or keeper's fees, damages, or expenses for attending court, but could recover only a docket or attorney's fee of $20, under chancery rule 34 (89 Fed. xiii, 32 C. C. A. xxxiii, 18 Sup. Ct. ix), and the costs of taking certain depositions.

Bauer & Greene, for petitioners.
J. H. Guerry, for respondent.

WOLVERTON, District Judge. On the dismissal of the petition of certain creditors praying that S. E. Hines be adjudged a bankrupt, the respondent filed a cost bill, aggregating $1,939.30, which he claims should be adjudged as costs against the petitioners, under section 3e of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3423]). When the petition was filed to have Hines adjudged a bankrupt, there was an action pending against him by J. H. Guerry, who had previously attached a stock of merchandise of the respondent, which was at the time in the custody of the sheriff.

Subsequently the creditors petitioned the court for an injunction to issue; the purpose being to prevent the sale of the stock of goods under an execution, which had been issued and the time of sale fixed. The petition prayed an order enjoining and restraining the sheriff, the defendant Hines, and Guerry, the plaintiff in the action, from disposing of the property, or otherwise interfering with it, except to safely care for and preserve the same pending the hearing of the petition in bankruptcy. An injunction was issued, but preliminary thereto a bond was given, conditioned, in effect, that the petitioners should pay all costs and disbursements that might be decreed to Hines, Guerry, and the sheriff, and such damages, not exceeding the amount of $1,000, as they or either of them might sustain by reason of said injunction, if the same were wrongful or without sufficient cause.

The question is now presented whether these costs, or any part of them, should be taxed against the petitioners, under this bond or otherwise. The statute relied upon by the respondent for the recovery of such costs, expenses, and damages provides, among other things, that:

"Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond * * * in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt. If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

It will be seen that this statute is special, and intended to cover a given case. Where the property of the bankrupt is taken charge of and held upon the application of the petitioners, the bond spoken of is required as a prerequisite to making the order. As one court has said, it is analogous to taking property under attachment; the bond being required as a prerequisite to the issuance of the provisional writ. When such a bond has been filed, with the conditions prescribed, then the remedy which the statute has indicated may be pursued, and it is only in that case that the respondent can have the benefit of the statute. It does not apply to costs and expenses generally, but to a case where the property has been taken charge of or seized, to be held during the pendency of the adjudication touching the application to have the respondent declared a bankrupt. This doctrine has been previously declared in several cases. In the case of In re Ghiglione (D. C.) 93 Fed. 186, it was held that the provisions of section 3e of the bankruptcy act (30 Stat. 546, c. 541 [U. S. Comp. St. 1901, p. 3423]), for the allowance of costs, counsel fees, expenses, and damages to the respondent when a petition in involuntary bankruptcy is dismissed, apply only to cases where an application to seize

and hold the property of the alleged bankrupt pending the hearing was granted, and bond given, as provided in the same subdivision of section 3. So it was held in Re Morris (D. C.) 115 Fed. 591, that, on dismissal of a petition to have another adjudged an involuntary bankrupt, the respondent is entitled to costs, but that there is no provision in the bankruptcy act of 1898 authorizing the allowance of counsel fees or damages, except section 3e, which applies only when respondent's property has been taken out of his possession. So, also, it was held in Re Williams (D. C.) 120 Fed. 34, that where no seizure of the property of an alleged bankrupt was made, and no bond ordered or given, the fact that a temporary injunction was granted, restraining supposed debtors from paying money into the hands of an alleged bankrupt under the general equity powers of the court, did not justify an allowance for counsel fees and expenses on a dismissal of the proceedings for want of jurisdiction. In discussing section 3e, the court said in that case, among other things:

"But, in order to prevent a fraudulent disposition of the property pending the proceedings, it permits a seizure of the assets before the hearing, upon certain allegations, and the execution of a bond to pay the damages which the debtor may sustain by reason of the seizure, if upon a final hearing it is adjudged that the same was wrongful, in the same manner as in ordinary cases, when the same object is sought by a resort to proceedings by attachment. The only innovation to be found in the act is that attorney's fees and expenses incurred by the successful debtor are to be elements of the damages awarded to him, not for the wrongful proceedings to have him adjudged a bankrupt, but for the wrongful 'seizure, taking, and detention' of his property."

Now, to apply these authorities giving construction to section 3e, it would seem that the respondent is not entitled to recover and have assessed against the petitioners much the larger portion of his cost bill. The injunction bond which was given in the present case cannot, under any process of reasoning, take the place of the bond intended to be executed under section 3e. Indeed, in the present instance, the property of the debtor was not taken into custody. The only purpose of the injunction was to restrain the debtor, and the sheriff, who had custody of the stock of goods, from disposing of them during pendency of the proceeding under the petition to have the debtor adjudged a bankrupt; the purpose being to have the matter remain in statu quo until it could be ascertained whether or not the defendant was in reality a bankrupt and whether his property should be taken charge of by the bankruptcy court. The conditions of the injunction bond are widely different from those prescribed for the bond to be given under section 3e, and if I were to look at the bond alone I could not adjudge, under its conditions, the relief demanded by way of costs; but, it not having been intended for that purpose, the defendant could in no way be entitled to the relief which he seeks under section 3e, because the relief there provided for can only be had upon the bond contemplated by the section. I must hold, therefore, that the plaintiff is not entitled under his cost bill to the attorney's fees prayed for, nor to the keeper's fees, damages, or expenses claimed by Hines for attending court.

The court in the Ghiglione Case has laid down the principle that in all other cases, aside from those arising properly under section 3e, the court cannot allow counsel fees, in addition to costs, to the successful defendant; the matter being governed by rule 34 (89 Fed. xiii, 32 C. C. A. xxxiii, 18 Sup. Ct. ix). I am of the opinion, therefore, that the only costs that are taxable in the present proceeding against the petitioners are, first, a docket fee, sometimes spoken of as attorney's fee, of $20, under the chancery rule; and, second, the costs of depositions, amounting to $39.30. The respondent's relief, if any he has, must be sought by independent proceeding or suit under the bond given in the injunction matter.

The order will therefore be that the costs last indicated be taxed in favor of the respondent and against the petitioners, but none other.