The T. E. Hill Company, for use of William A. Bither, Assignee, Defendant in Error, v. Contractors Supply & Equipment Company, Plaintiff in Error.

### Gen. No. 15,863.

1. MALICIOUS PROSECUTION—*what essential to establish at common law.* At common law a plaintiff is not liable for bringing any suit, civil or criminal, or for causing the seizure through a judicial order of the person or property of another, if the court has jurisdiction of the subject-matter and the parties, unless he acts maliciously and without probable cause.

T. E. Hill Co. v. Contractors S. & E. Co., 156 Ill. App. 270.

2. BANKRUPTCY—*section 2, subsection 3, fixing . liability for obtaining receiver construed.* This section creates no rights distinct from and independent of the remedy. In actions for malicious prosecution the common law rule still prevails, and malice and want of probable cause must be established.

3. BANKRUPTCY—*what does not establish lack of jurisdiction to appoint receiver.* An adjudication that a corporation does not come within the class which may be declared bankrupts, does not operate to nullify all intermediate orders of the courts.

4. JURISDICTION—*what essential to, of subject-matter.* A bankruptcy court has jurisdiction over the subject-matter of a cause irrespective of whether it correctly or erroneously dismisses the petition because of its finding that the alleged bankrupt corporation does not come within the class that, by the act, may be adjudicated bankrupt.

Trespass on the case. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed June 3, 1910.

JOHN A. BLOOMINGSTON, JAMES H. WILKERSON, and DUDLEY TAYLOR, for plaintiff in error; MUSGRAVE & LEE and JAMES H. WILKERSON, of counsel.

BUELL & ABBEY and FRED W. BENTLEY, for defendant in error; WILLIAM A. BITHER, of counsel.

MR. JUSTICE MACK delivered the opinion of the court.

Bankruptcy proceedings were begun against The T. E. Hill Company, a corporation, by Contractors Supply and Equipment Company, a corporation. Pending a hearing on the defense that the Hill Company was not principally engaged in manufacturing, trading, printing, publishing, mining or mercantile pursuits as required by the Bankruptcy Act Section 4 b, on the application of the Contractors Company, a receiver was appointed in accordance with the provisions of the act, section 3 e, and a bond was given on which suit was later brought in the Municipal Court of Chicago. In that suit, judgment was rendered for defendant and a writ of error issued from this court in case General Number 14,932.

The District Court finally determined that the Hill Company did not come within the specified classes of corporations and dismissed the petition. This ruling was affirmed by the United States Circuit Court of Appeals in *In re* Hill Co., 148 Fed. R. 832.

After the proceedings were dismissed, the District Court allowed receiver's fees out of the fund. This ruling was also affirmed by the Circuit Court of Appeals in *In Re* Hill Co., 159 Fed. R. 73.

In view of the conclusions reached by us, it is unnecessary to detail the alleged damages suffered by the Hill Co. or its assignee through the appointment of the receiver, to recover which this action was brought.

The praecipe in this case is trespass on the case. The declaration alleges malice in procuring the appointment of the receiver, but fails to allege, either directly or indirectly, that there was no probable cause for procuring such appointment. If it had contained such an allegation it would have set out a good cause of action. But, without it, it sets out no cause of action in trespass on the case.

At common law a plaintiff is not liable for bringing any suit, criminal or civil, or for causing the seizure through a judicial order of the person or property of another, if the court has jurisdiction of the subject-matter and the parties, unless he acts maliciously and without probable cause. Stewart v. Sonneborn, 98 U. S. 187; Outlaw v. Davis, 27 Ill. 466.

By a statute a plaintiff may be deemed to act at his peril in procuring such an order. He may be made liable by statute for the damages resulting therefrom in case he fail to maintain his suit, irrespective of the probable cause and lack of malice. Such provisions are common in statutes regulating attachments and injunctions. Such statutes creating new rights may provide either new methods of enforcing them or they may leave the aggrieved party to the ordinary common law remedies, and they make the former either exclusive or concurrent with the latter. The provisions of the bankruptcy

act bearing upon this subject are section 2, subsection 3 ; section 3e, and section 69.   These are as follows:

The Court is authorized to

"(2) Appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified ;"

"(3e) Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond with at least two good and sufficient sureties who shall reside within the jurisdiction of said court, to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking and detention of the property of the alleged bankrupt.

If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses and damages occasioned by such seizure, taking or detention of such property.   Counsel fees, costs, expenses and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

"69. Possession of Property.   A judge may, upon satisfactory proof, by affidavit, that a bankrupt against whom an involuntary petition has been filed and is pending has committed an act of bankruptcy, or has neglected or is neglecting, or is about to so neglect his property that it has thereby deteriorated or is thereby deteriorating or is about thereby to deteriorate in value, issue a warrant to the marshal to seize and hold it subject to further orders.   Before such warrant is issued the petitioners applying therefor shall enter into a bond in such an amount as the judge shall fix, with such sureties as he shall approve, conditioned to indemnify such bankrupt for such damages as he shall sustain in the event

274 APPELLATE COURTS OF ILLINOIS.

T. E. Hill Co. v. Contractors S. & E. Co., 156 Ill. App. 270.

such seizure shall prove to have been wrongfully obtained. Such property shall be released, if such bankrupt shall give bond in a sum which shall be fixed by the judge, with such sureties as he shall approve, conditioned to turn over such property, or pay the value thereof in money to the trustee, in the event he is adjudged a bankrupt pursuant to such petition."

A new right is created by section 3 e. Without this provision, no damages could be recovered on the dismissal of the petition, unless malice and lack of probable cause appeared. The statutory right, however, is not dependent upon the existence of either malice or lack of probable cause. But the statute creating the right also provides a specific remedy; indeed it creates no right distinct from and independent of the remedy. The language is not, that plaintiff shall be entitled to damages which may be allowed by the court, but that he shall be allowed his damages and that these shall be fixed and allowed by the court. This clearly does not mean by any court, but by the bankruptcy court. In other words, the new right is not to sue for damages, but to have damages allowed in the bankruptcy proceedings by the bankruptcy court.

It follows, therefore, that as the allegations necessary at common law for a valid cause of action in a suit for malicious prosecution or seizure of property are lacking, and that as no statutory right enforceable in an independent action is provided, the declaration, as one in trespass on the case, would have been demurrable.

Moreover the evidence fails to show either malice or lack of probable cause. As to the latter, the fact that two circuit courts of appeals reached different conclusions on the only point that was in question, viz., whether such a corporation could legally be said to be engaged principally in manufacturing so as to be capable of being adjudged a bankrupt, would, so far as this question is concerned, negative the want of probable cause for the original proceedings, and it is not seriously disputed that if the Federal Court in these proceedings had followed the decision in the 8th circuit, the adjudication of bankruptcy would have followed and the re-

ceivership could not have been questioned. Moreover, since the Circuit Court of Appeals decided that this company could not be adjudicated a bankrupt as chiefly engaged in manufacturing, and despite the denial of a writ of certiorari therefrom, the Supreme Court of the United States has expressly held that such a corporation is engaged principally in manufacturing. Friday v. Hall & Kaul Co., 30 Sup. Ct. Rep. 261 (decided February 21, 1910).

Had this decision been rendered several years ago, the situation that now confronts us would never have been created.

But, despite the praecipe and the allegations of malice in the declaration, the plaintiff now claims that his action is not and was not intended to be in case; that it is an action of trespass, pure and simple, and that the right to bring trespass arises from the absolute nullity of the order appointing the receiver due to the court's lack of jurisdiction. He contends that while this lack of jurisdiction was not apparent until the court determined that it had no jurisdiction, nevertheless when it did so determine, the decree had the retroactive effect of nullifying the entire proceedings, rendering the orders void and making, at least the active participants therein, trespassers as at common law. If the court was entirely without jurisdiction and its orders therefore nullities, trespass would lie and perhaps the allegations of malice might be disregarded and this declaration be deemed as stating a cause of action in trespass.

Was the court without jurisdiction? It may be conceded that despite the Supreme Court decision in the Friday case, the decision of the Circuit Court of Appeals in the Hill bankruptcy proceeding determines conclusively, as between these parties, that the Hill Company could not have been adjudged a bankrupt in that proceeding. But does it follow from this that the court had no jurisdiction? That it had jurisdiction of the subject matter so far as was necessary to enable it to determine the question of whether or not the company did come within the meaning of the words "corporation engaged principally in manufacturing" is admitted.

Does an erroneous final adjudication, or even a correct adjudication, that the alleged bankrupt does not come within the class, operate to nuliify all intermediate orders of the court, and does it determine that the court had no jurisdiction of the subject matter? The decision of the Circuit Court of Appeals allowing receiver's fees in this very case, after it had ordered the proceedings dismissed, would be a sufficient answer in the negative to these questions, and whether right or wrong would be as conclusive upon these parties as is its decision that this company is not to be adjudged a bankrupt.

The Court said, 159 Fed. R. 73, at page 76:

"Upon the filing of the petition for an adjudication of bankruptcy against the corporation and service of process, jurisdiction over parties and subject-matter was established (Denver First National Bank v. Klug, 186 U. S. 202, 204, 22 Sup. Ct. 899, 46 L. ed. 1127, and cases cited), and was complete for the hearing and determination of all the issues involved, whatever the ultimate conclusions of the court upon such issues. In re First National Bank of Belle Fourche, 152 Fed. 64, 68, 81 C. C. A. 260; Columbia Ironworks v. National Lead Co., 127 Fed. 99, 101, 62 C. C. A. 99, 64 L. R. A. 645. So, under section 2 (3) of the Bankruptcy Act, Act July 1, 1898, c. 541, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), the power and duty of the court, in such case, is unquestionable, to appoint a receiver, when found necessary for preserving the estate in controversy, 'to take charge of the property   *   *   *   after the filing of a petition and until it is dismissed, or the trustee is qualified.' "

So, too, in Columbia Iron Works v. National Lead Company, 127 Fed. 99, the court said:

"There can be no question in respect to the jurisdiction of the District Court over the subject matter, and it seems quite clear that it also had jurisdiction to determine whether the corporation was principally engaged in such business as that it could be adjudged a bankrupt."

So, also, In re First National Bank of Belle Fourche, 152 Fed. Rep. 64, the court said, page 68:

"The contention that the fact that the Widell Company

T. E. Hill Co. v. Contractors S. & E. Co., 156 Ill. App. 270.

was principally engaged in manufacturing conditioned the jurisdicttion of the court and the validity of the adjudication, that the judgment is a nullity because this fact did not exist, and that its invalidity may be shown at any time by collateral attack, or otherwise by proof that the Widell Company was not engaged in any pursuit which subjected it to adjudication in bankruptcy, *disregards the fundamental distinction between the facts essential to the jurisdiction of a court over the subject-matter and the parties, and those requisite to establish the cause of action.* Jurisdiction of the subject-matter and of the parties is the right to hear and determine the suit or proceeding in favor of or against the respective parties to it. The facts essential to invoke this jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought."

If the court had been without jurisdiction, either originally or from the time that it ordered the petition dismissed, and that too, either with or without retroactive effect, it could not have adjudged costs or have ordered fees to be paid to the receiver. Citizens Bank v. Cannon, 164 U. S. 319.

If a bankruptcy proceeding against a corporation not within the class that can be adjudged bankrupt, or against one who is finally determined to be a wage earner, were like the proceeding in People v. Weigley, 155 Ill. 491, no contempt proceedings could be maintained against one who interfered with the receiver's possession.

Whether a corporation is or is not principally engaged in manufacturing, and whether or not a man is a wage earner, are not questions of law but questions of fact. The right of the court to proceed with the administration of the estate depends upon the facts; its jurisdiction, however, does not depend upon the correctness of its determination of the facts. The subject-matter over which the United States District Court has jurisdiction is bankruptcy—not the acts of specified individuals and corporations provided that they constitute acts of bankruptcy.

A decision adjudicating bankrupt a corporation which in fact is not principally engaged in manufacturing but which the court erroneously finds to be so engaged would neverthe-

less be binding until reversed; if reversed, it would be because of the erroneous finding of fact, not because of lack of jurisdiction. And so, too, if the court correctly or erroneously determines that the corporation is not principally engaged in manufacturing, the petition is dismissed, not because the court never had jurisdiction to hear and determine the facts and to do everything permitted by the statute prior to adjudication, but because, on the facts, it would be error to go on with the proceedings.

As in our judgment the court had jurisdiction of the parties and subject-matter of the bankruptcy proceedings and was by statute specifically vested with power to appoint receivers therein, no action of trespass lies against the party at whose instigation the receiver was appointed.

It is therefore unnecessary to consider the other questions raised by plaintiff in error and it follows that the judgment must be reversed with a finding of facts.

*Reversed with finding of facts.*