---

### In re WISE et al.

(District Court, W. D. Washington, N. D. April 6, 1914.)

No. 5136.

1. BANKRUPTCY (§ 480*)—INVOLUNTARY PETITION—DISMISSAL—COSTS.

Bankr. Act July 1, 1898, c. 541, § 3e, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3423), provides that whenever a petition is filed to have another adjudged a bankrupt, and application is made to take charge of and hold the property of the alleged bankrupt, the petitioner shall file a bond conditioned for the payment, in case the petition is dismissed, to the respondent of all costs, expenses, and damages occasioned by the seizure, and, if the petition is dismissed by the court or withdrawn by the petitioner, the respondent shall be allowed all costs, counsel fees, expenses, and damages occasioned by the seizure, to be fixed by the court. Held, that counsel fees, expenses, and damages so provided are for special services or damages occasioned by reason of the wrongful taking of the property of the alleged bankrupt, and that the counsel fees expended and damages provided by such section are not taxable in the bankruptcy proceeding, but are to be recovered in an independent suit on the bond.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 902, 903; Dec. Dig. § 480.*]

2. BANKRUPTCY (§ 482*)—INVOLUNTARY PROCEEDING—DISMISSAL—COSTS.

Rev. St. § 824 (U. S. Comp. St. 1901, p. 632), provides that on a trial in equity $20 attorney's fees shall be taxed in favor of the successful and against the losing party, and General Orders, Rule 34 (89 Fed. xiii, 32 C. C. A. xxxiii), declares that where the debtor in involuntary proceedings

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resists adjudication the same costs that are allowed to the successful party in equity shall be taxed. *Held* that, where an alleged involuntary bankrupt successfully resists adjudication, he is entitled to have an attorney's fee of $20 taxed as part of the costs in his favor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Boress Wise and the community composed of Boress Wise and his wife. On objections to cost bill, after a denial of an adjudication on an involuntary petition. Overruled.

James A. Dougan, of Seattle, Wash., for petitioners.

Shorett, McLaren & Shorett, of Seattle, Wash., for bankrupts.

NETERER, District Judge. A petition in involuntary bankruptcy was filed, and respondents answered denying bankruptcy. The issue thus raised was submitted to a jury, and a verdict returned in favor of respondent; motion for a new trial was made and denied; cost bill filed claiming, among other items, $20 attorney's fees. Objection to the taxation of attorney's fees and other costs is made.

[1] It is contended by the petitioning creditors that section 3e of the Bankruptcy Act precludes the taxation of costs; such subdivision being:

"Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond * * * to be approved by the court or judge thereof, * * * conditioned for the payment, in case such petition is dismissed, to the respondent, * * * all costs, expenses and damages occasioned by such seizure. * * * If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by said seizure. * * * Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court. * * *"

It is manifest from a reading of this section that counsel fees, expenses, and damages provided for the seizing and holding of the property of an alleged bankrupt are for special services or damages occasioned by reason of the wrongful taking of the property of another. The counsel fees expended and damages provided by section 3e are a distinct matter and have no application to the instant case, and are not taxed in the bankruptcy proceeding, but are to be recovered in an independent suit upon the bond provided by this section. In re Hines (D. C.) 144 Fed. 147, 150.

[2] The costs in this case are controlled by section 824 of the Revised Statutes and Rule 34, General Orders in Bankruptcy (89 Fed. xiii, 32 C. C. A. xxxiii). Section 824, Revised Statutes (U. S. Comp. St. 1901, p. 632), provides that on a trial in equity $20 attorney's fees shall be taxed in favor of the successful and against the losing party. Rule 34, General Orders in Bankruptcy, provides that in case of involuntary bankruptcy, where the debtor resists adjudication, the same costs that are allowed to a successful party in a suit in equity shall be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

taxed. Under the chancery rule the $20 attorney's fee is taxable. In re Hines, supra.

I am conscious of the statement of Judge McPherson in Re Morris (D. C.) 115 Fed. 591, that "there is no provision in the act for the allowance of counsel fees or damages, except under section 3e, and this applies when the bankrupt's property has been taken out of his possession," and also note that he denied counsel fees in that case. This evidently was only intended to apply to counsel fees as a special service under section 3e, and not to the taxation of attorney's fees as costs under section 824 and rule 34, supra.

The objections to the cost bill are overruled.