In re McKENZIE et al.

(District Court, W. D. Washington, N. D.    January 14, 1915.)

No. 5287.

BANKRUPTCY ⚎477—COSTS—DISMISSAL OF PETITION—RES JUDICATA.

Under Bankr. Act July 1, 1898, c. 541, § 3, subd. "e," 30 Stat. 546 (Comp. St. 1913, § 9587), providing that, when an application is made to take charge of and hold the property of an alleged bankrupt pending a hearing on the petition, the petitioner shall file a bond conditioned for the payment, in case the petition is dismissed, of all costs, expenses, and damages occasioned by such seizure, taking or detention of the property, and bankruptcy rule 34 (89 Fed. xiii, 32 C. C. A. xiii), providing that when the debtor resists an adjudication, and the court adjudges him a bankrupt, the petitioning creditor shall recover out of the estate the same costs allowed to the party recovering in a suit in equity, and that if the petition is dismissed the debtor shall recover like costs against the petitioner, where, on the dismissal of a petition, a judgment was entered taxing the bankrupt's costs and disbursements, consisting of witnesses' fees and docket fees upon jury trials, such judgment was not res judicata as to the costs, expenses, and damages by reason of the seizure and detaining of the property, and did not prevent an assessment of such damages thereafter, as section 3, subd. "e," does not refer to the costs provided by rule 34, nor to the costs taxable in equity cases under the federal statutes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 900; Dec. Dig. ⚎477.]

In Bankruptcy. In the matter of D. McKenzie and another, doing business as the McKenzie Wine House, alleged bankrupts. On motion to strike. Motion granted.

Louis A. Merrick, of Everett, Wash., for trustee.

Frank A. Steele and E. C. Snyder, both of Seattle, Wash., for petitioning creditors.

NETERER, District Judge. The Angeles Brewing Company, Continental Distributing Company, Levaggi Company, and National Surety Company, in their answer to the petition of the trustee in bankruptcy that the fees, costs, expenses, and damages accruing to the petitioner as trustee of the bankrupt by reason of the dismissal of the petition for adjudication and the dismissal of the temporary receiver and detention of the property of the said bankrupt by the receiver, be fixed and allowed by the court and ordered to be paid by the petitioning creditors and the surety, among other things, set forth the following:

"Further answering said petition, these respondents show to the court that on the 27th day of July, 1914, a final judgment was made and entered in the above-entitled matter by this court, wherein it was adjudged by the court as follows: 'That the petition be dismissed, and that the respondent go hence without day. It is further considered, determined, and decreed that the respondents do have and recover of the petitioning creditors herein and each of them their proper costs and disbursements in this behalf sustained, to be taxed as provided by law.'

⚎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"II. That on the 3d day of August, 1914, the said alleged bankrupts filed their bill of costs and disbursements in the office of the clerk of this court, and on the 12th day of August gave due notice of the taxing of said costs upon the 20th day of August, and upon the 20th day of August, the date for taxing said costs, filed their amended bill of costs and disbursements, which were then in due course and according to the practice of this court taxed at the sum of $91.50, and judgment entered therefor against these respondents, and thereupon these respondents paid the said bill of costs and disbursements so taxed in the sum of $91.50, and received from the said alleged bankrupts and their attorneys full receipt, release, and discharge from the said costs, expenses, and disbursements incurred by the alleged bankrupts in and about the proceedings alleged and set forth in their petition; and these respondents aver that all matters and things arising out of or connected with the said proceedings in bankruptcy, including all questions of costs and disbursements, expenses, or damages, have been fully adjudicated and determined, and are now res adjudicata."

The cost bill filed in this proceeding shows that the only costs taxed were for the attendance of witnesses and docket fee upon trials to jury, and no costs, damages, or expenses for the taking or detention of the property by the temporary receiver were included. Section 3, subd. "e," of the Bankruptcy Act requires:

That "whenever a petition is filed * * * for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, * * * prior to the adjudication and pending a hearing on the petition, the petitioner * * * shall file in the same court a bond with at least two good and sufficient sureties * * * conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt."

There is a marked distinction between the liability for costs occasioned in determining an issue of fact before the court raised by the denial of the allegations of a petition for bankruptcy, and the liability for costs, expenses, and damages under subdivision "e," supra. The petitioning creditors, upon failure to obtain an adjudication, would be liable upon the determination of that issue, under the federal statutes, for costs provided by such statute, which would be witness fees, marshal and clerk's fees, including docket fee, as well as under rule 34 (89 Fed. xiii, 32 C. C. A. xiii), which provides:

"In cases of involuntary bankruptcy, when the debtor resists an adjudication and the court, after hearing, adjudges the debtor a bankrupt, the petitioning creditor shall recover and be paid out of the estate the same costs that are allowed to the party recovering in a suit in equity and if the petition is dismissed, the debtor shall recover like costs against the petitioner."

Subdivision "e" of section 3, supra, cannot and does not refer to the costs provided by rule 34 or to the costs taxable in equity cases under the federal statutes. Section 3 has a peculiar function, and this function is to save harmless from all damages, costs and expenses a debtor against whom involuntary proceedings have been filed, and whose property is seized and detained, if it should prove upon final trial that the debtor was not bankrupt, and that his custody of the property should not have been disturbed. The contention that the entry of judgment for costs incurred upon the determination of the

issue of bankruptcy is res adjudicata of the issue raised by this petition to fix the costs, expenses, and damages by reason of the seizing and detaining of the property is not well taken.

I think the motion to strike should be granted. An order may be presented.