### In re J. ITO TERUSAKI.

(District Court, W. D. Washington, N. D.   December 29, 1916.)

#### No. 5578.

1. BANKRUPTCY ⨪113—APPOINTMENT OF RECEIVER—LIABILITY OF BONDSMEN.
   The liability of bondsmen under Bankr. Act July 1, 1898, c. 541, § 3e, 30 Stat. 546 (Comp. St. 1913, § 9587), providing that, where property is wrongfully seized or detained in a bankruptcy proceeding, the debtor may recover such necessary counsel fees, expenses, and damages as were occasioned thereby, is limited to such costs, expenses, and damages as were incident to the taking and holding of the property, and does not include costs or expenses incurred in meeting and resisting the petition in bankruptcy taxable in the debtor's favor under General Orders in Bankruptcy, rule 34 (89 Fed. xiii, 32 C. C. A. xiii), and Rev. St. § 824 (Comp. St. 1913, § 1378).
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 150; Dec. Dig. ⨪113.]

2. BANKRUPTCY ⨪113—APPOINTMENT OF RECEIVER—LIABILITY OF BONDS-MEN.
   A debtor whose property was in the hands· of the sheriff under state foreclosure proceedings during the pendency of involuntary proceedings in bankruptcy, so that the receiver in bankruptcy did not take possession thereof, cannot recover any damages from the petitioner's bondsmen under Bankr. Act, § 3e, allowing recovery for damages occasioned by the wrongful seizure or detention of property though the debtor might have, but did not, regain possession from the sheriff by paying the mortgage.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 150; Dec. Dig. ⨪113.]

3. BANKRUPTCY ⨪113 — INVOLUNTARY PROCEEDINGS — LIABILITY OF PETI-TIONER.
   There is no liability for filing a petition in bankruptcy except for the usual costs, unless the petitioners acted without probable cause and ma-

liciously, in which case the remedy is an action in the nature of a suit for malicious prosecution.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 150; Dec. Dig. ⬤⟋113.]

In Bankruptcy. Involuntary proceedings in bankruptcy against J. Ito Terusaki, doing business under the name and style of the Asahi News Company. On motion to dismiss the petition of the alleged bankrupt for the allowance of costs, expenses, and damages. Motion granted, and petition dismissed.

D. C. Conover, of Seattle, Wash., for petitioning creditors.
Dudley G. Wooten, of Seattle, Wash., for alleged bankrupt.

NETERER, District Judge. An involuntary petition in bankruptcy was filed, and on October 24, 1916, upon the application of the petitioning creditors and the filing and approval of a bond indemnifying the alleged bankrupt, a temporary receiver was appointed by the court to take and hold the property and effects of the alleged bankrupt. The alleged bankrupt answered the petition, denying insolvency and likewise the alleged acts of bankruptcy. Upon a hearing the petition was dismissed on the ground that the petitioners were not qualified. Petition is now presented by the alleged bankrupt for allowance of costs, expenses, and damages sustained by reason of the bankruptcy proceedings, unnecessary appointment of temporary receiver, and wrongful seizure of his property, as follows: $500 for counsel fees; $100 for interpreter for use in consultations with counsel; $268 for loss of income occasioned by suspension of business; $48 for loss of rental; $80 for actual loss of time and labor; and $71.60, damages because of being prevented from paying off a chattel mortgage—or a total of $1,067.60. A motion has been made to dismiss the petition on the ground that it does not state facts sufficient to sustain recovery.

The record in this case discloses that the alleged bankrupt was engaged in publishing a newspaper, and in connection therewith operated a job printing establishment located in Seattle; that the personal property of the bankrupt consisted of a newspaper and job printing outfit and bills receivable and accounts arising out of such business; that on the 10th day of October, 1916, the sheriff of King county took possession of all of the types, printing machines, paper cutting machines, and all of the paraphernalia and effects connected with the said newspaper and job printing plant, together with all books of account. No property of any kind was ever taken possession of by the receiver. Said property, during all of the time from the 10th day of October until after the trial of the issue of bankruptcy in this court, was in the possession of the sheriff of King county, pursuant to the laws of Washington, under foreclosure instituted by the mortgagee. The record further discloses that the bankrupt has taxed the usual and necessary costs pursuant to law and the rules of this court, recoverable by a successful litigant upon issue joined in this court, such as marshal's fees for serving process, statutory attorney's fees, interpreter's fees, and fees of witnesses testifying in behalf of the successful party.

[1] A debtor successfully resisting adjudication is entitled to the

same costs that are allowed to a successful party in a suit in equity. Section 824, Rev. Stat. (Comp. St. 1913, § 1378), and rule 34, General Orders in Bankruptcy (89 Fed. xiii, 32 C. C. A. xiii); In re Wise et al., 212 Fed. 567. Section 3e of the Bankruptcy Act of 1898 provides that, where property is wrongfully seized or detained in a bankruptcy proceeding, the debtor may recover such necessary counsel fees, expenses, and damages as were occasioned thereby. In re McKenzie et al., 219 Fed. 630. The liability of bondsmen under section 3e, supra, is limited, however, to such costs, expenses, and damages as were incident to the taking and withholding of the property, and no recovery can be had as against the bondsmen for costs or expenses incurred in meeting the issue and resisting the petition in bankruptcy. Selkregg v. Hamilton Bros., 144 Fed. 557; In re Ghiglione, 93 Fed. 186; In re Morris, 115 Fed. 591.

[2] It was contended at the bar by the alleged bankrupt that, while the property had been taken by the sheriff and the business closed, the alleged bankrupt was in a position to pay the mortgage and secure the possession of the property, but for the receivership. It is sufficient to say that the bankrupt did not do so, and permitted the property to remain where he had no right to its possession and where it was prior to the appointment of the receiver, and at no time was either the bankrupt or the receiver in a position where they could demand the property, and the receiver, not having had it, therefore did not detain it, and the bankrupt cannot hope to recoup any damages from the petitioner's bondsmen. If the bankrupt has been damaged, he has a remedy; but it is not in this proceeding against the bondsmen.

[3] There is no liability for filing a petition in bankruptcy, except for the usual costs, unless the petitioners acted without probable cause and maliciously, in which case the remedy is an action in the nature of a suit for malicious prosecution. In re Moehs & Rechnitzer, 174 Fed. 165. The cases cited by the petitioner have no application to the issue here.

The motion is granted.