Petition of KURTZ BRASS BED CO. et al.

In re MANUFACTURERS' WHOLESALE FURNITURE CO.

(District Court, E. D. Michigan, S. D.    April 1, 1918.)

No. 3576.

1. BANKRUPTCY ⊂⇒469—COSTS—ALLOWANCE.

Bankruptcy Act July 1, 1898, c. 541, § 2, subd. 18, 30 Stat. 545 (Comp. St. 1916, § 9586), declaring that the bankruptcy court is authorized to tax costs whenever allowed by law, and render judgment against the unsuccessful party, etc., and against estates in proceedings in bankruptcy, and General Order No. 34 (89 Fed. xiii, 32 C. C. A. xxxiii), declaring that when a debtor resists adjudication, and the court after hearing adjudges the debtor a bankrupt, the petitioning creditor shall recover and be paid out of the estate the same costs that are allowed to a party recovering in a suit in equity, should be read together, and are merely declaratory of the general powers of courts of equity, including bankruptcy courts, over the allowance and apportionment of costs.

2. BANKRUPTCY ⊂⇒474—COURTS—COSTS—PETITIONING CREDITOR.

In view of the broad power of courts of equity over allowance of costs, a court of bankruptcy may allow costs against a creditor of the bankrupt, who comes in and resists adjudication; the provisions of General Order No. 34, relating to allowance of costs out of the estate of a bankrupt resisting adjudication, not restricting the power of the court to assess costs against a creditor resisting such adjudication.

3. BANKRUPTCY ⊂⇒474—COSTS—CREDITOR RESISTING ADJUDICATION.

It is proper for the bankruptcy court to allow costs in favor of the petitioning creditors against a creditor who intervened and actively opposed adjudication until nearly the close of the hearing, when the creditor's attorney withdrew; it appearing that the creditor had received a large payment shortly before the filing of the involuntary petition against its debtor, and that it was to its interest to defeat the adjudication.

In Bankruptcy. In the matter of the petition of the Kurtz Brass Bed Company and others to have the Manufacturers' Wholesale Furniture Company, a Michigan corporation, adjudicated a bankrupt. The Wolverine Furniture Company, a Michigan corporation, filed an answer opposing the adjudication. On objection to that portion of the order of adjudication which allowed costs against both the Wolverine Furniture Company and the bankrupt. Objections overruled.

Frank Lawhead and Arthur P. Hicks, both of Detroit, Mich., for petitioning creditors.

Diekma, Kollen & Ten Cate, of Holland, Mich., for opposing creditor.

TUTTLE, District Judge. This matter is before the court on objections by the Wolverine Furniture Company, a creditor of the bankrupt, which joined with the bankrupt in opposing the involuntary petition herein, and which now objects to the allowance of costs against it in the order of adjudication.

Promptly upon the filing of the involuntary petition by the petitioning creditors, the bankrupt, the Manufacturers' Wholesale Fur-

niture Company, filed its answer, denying the acts of bankruptcy charged, and on the same day the Wolverine Furniture Company, a Michigan corporation, also filed an answer in the cause, opposing the adjudication sought. In the latter answer, said company alleged that it had "a provable claim, to wit, a promissory note, for the sum of $4,-000 due March 24, 1917, against said Manufacturers' Wholesale Furniture Company," and by such answer said creditor denied the acts of bankruptcy alleged, and denied that the alleged bankrupt was insolvent, and averred that the latter should not be declared bankrupt. This answer was verified by the secretary and assistant treasurer of the Wolverine Furniture Company. A few days afterwards, said Wolverine Furniture Company filed a petition in the cause, alleging that "it is necessary on the part of the Wolverine Furniture Company that it examine the books, accounts, papers, and files of the said alleged bankrupt, in order that * * * the Wolverine Furniture Company may properly present its defense under its said answer," and praying permission to examine said books, accounts, and papers. Thereafter the hearing of the issues raised by the involuntary petition and answers was referred to a master, who took testimony thereon, extending over a period of several weeks. At this hearing the Wolverine Furniture Company was represented by counsel, who conducted a vigorous defense, repeatedly making objection to the admission of evidence and raising several legal defenses.

While the bankrupt was represented by its own counsel at this hearing, yet the attorney for this opposing creditor was as active in carrying on the defense as the attorney appearing for the bankrupt. An examination of the record, constituting over 1,000 typewritten pages of testimony, the briefs, and the report and supplemental report of the master, shows that the case was bitterly contested, and it does not appear that the opposing creditor was any less zealous in that regard than was the bankrupt itself, until nearly the close of the hearing, when counsel for said creditor refused to proceed further with the examination of witnesses or in attendance in court. After the filing of the master's report, and the supplemental report, in which he recommended that an adjudication should be ordered in accordance with the prayer of the involuntary petition, this court filed an opinion overruling the exceptions to the latter report, and directing that said report should be confirmed, and "an order of adjudication entered in accordance with the prayer of the petition in bankruptcy herein, with costs to petitioning creditors against the bankrupt and said Wolverine Furniture Company." No appeal was taken from this order, but the opposing creditor has objected to the portion thereof directing costs against it, and this proceeding is brought for the purpose of modifying the order to that extent. Briefs have been filed by petitioning creditors and by the opposing creditor, which have been carefully examined.

The questions involved in this proceeding seem to be: First, has a bankruptcy court, on an involuntary petition, jurisdiction within its discretion to order costs against a creditor who has unsuccessfully opposed such petition? Second, if so, should such costs on this petition

be taxed against this opposing creditor? The amount or the items of costs properly taxable are not in question; the argument having been confined to the subject of the liability of the opposing creditor to costs.

[1, 2] 1. By subdivision 18 of section 2 of the Bankruptcy Act, the bankruptcy court is authorized to "tax costs, whenever they are allowed by law, and render judgments therefor, against the unsuccessful party, or the successful party for cause, or in part against each of the parties, and against estates, in proceedings in bankruptcy." General Order 34 (89 Fed. xiii, 32 C. C. A. xxxiii) is as follows:

"In cases of involuntary bankruptcy, when the debtor resists an adjudication, and the court, after hearing, adjudges the debtor a bankrupt, the petitioning creditor shall recover, and be paid out of the estate, the same costs that are allowed to a party recovering in a suit in equity; and if the petition is dismissed, the debtor shall recover like costs against the petitioner."

These provisions must, of course, be read together, and are merely declaratory of the general power of courts of equity, including courts of bankruptcy, over the allowance and apportionment of costs. In re Chiglione (D. C.) 93 Fed. 186; In re Hines (D. C.) 144 Fed. 147; In re Ward (D. C.) 203 Fed. 769; In re Wise (D. C.) 212 Fed. 567; Clark-Herrin-Campbell Co. v. H. B. Claflin Co., 218 Fed. 429, —— C. C. A. ——. As was stated in the case last cited:

"Power to award costs to the prevailing party, if it were not given by the Bankruptcy Act, is inherent in courts of equity."

It is, of course, well settled that courts of equity have a broad power over the allowance and apportionment of costs among parties to a suit. In the language of the court in the case of Kell v. Trenchard et al., 146 Fed. 245, 76 C. C. A. 611:

"In the federal practice in equity the giving or withholding of costs or the apportionment and division thereof is a matter within the discretion of the court."

Some stress is laid by the opposing creditor upon the language of General Order 34, already quoted, allowing the petitioning creditors on contested objections to "be paid out of the estate" their costs, and it is urged that in such a case the petitioning creditor is confined to the estate of the bankrupt as the source of payment of his costs. I have already considered this contention, but am unable to agree with it. It seems to me that the provision authorizing payment of such costs out of the estate of the bankrupt is merely cumulative, and not exclusive. Considered in accordance with the contention urged, this general order would clearly be inconsistent with subdivision 18 of section 2 of the Bankruptcy Act, already quoted, and with the general power of the bankruptcy court, as a court of equity, to allow and apportion costs in accordance with a sound discretion.

Assuming that it was the intention of the Supreme Court in promulgating the order in question to change the effect of the statute and rule referred to, and assuming, also, that this general order could legally have that effect, the soundness of both of which assumptions it is unnecessary to determine, the language of General Order 34 clearly

contemplates, and is applicable to, the question of costs as between the petitioning creditor and the alleged bankrupt only. It will be noted that it is "when the debtor resists an adjudication" that the petitioning creditor shall recover, "and be paid out of the estate," costs. If the petition is dismissed, it is "the debtor" who may recover costs "against the petitioner." It seems to me that the purpose and effect of this petition is merely to fix the rights of the petitioning creditor and the debtor as between themselves in such a case, and to expressly confer on each, if successful, the right to recover costs against the other. Of course, after the debtor has been adjudicated a bankrupt, the allowance of costs against such debtor would be valueless, unless the petitioning creditor should have recourse to the estate of the bankrupt; and it is therefore not strange that such right should be clearly and expressly created by this provision. But to enlarge the effect of this language by implication, so as to deprive petitioning creditor of the right to recover costs to which he would otherwise be entitled, would, in my opinion, be contrary to the spirit of the General Order itself, inconsistent with the well-settled power of the court over costs, and inconsistent with the general purpose of the Bankruptcy Act, to conserve, so far as possible, the assets of bankrupt estates. Furthermore, such construction of this provision would deprive a creditor, successfully opposing an involuntary adjudication, of the power to recover his costs against the petitioning creditor, and thus take away from a litigant the well-established right of such litigant to the benefit of the costs allowed by law to the prevailing party.

Such a construction ought not, in my opinion, to be adopted, unless manifestly required by language much more clear and positive than any provision thus far called to my attention. No case has been cited, and I have not discovered any, in support of this contention. On the contrary, respondent invokes and relies on a case which seems to me to be adverse to such contention. This case is that of In re Carolina Cooperage (D. C.) 96 Fed. 604. In this case it was held that, when a creditor of an alleged bankrupt unsuccessfully contests an involuntary adjudication, costs of petitioning creditor rendered necessary by the opposition against such creditor, may be taxed against the latter. It will be noted that such a holding necessarily rests upon the theory that General Order 34 is cumulative merely, because, if the right and liability to costs in such a case are derived solely from this provision, no costs could be taxed against an opposing creditor, even if rendered necessary by the opposition of the latter. I am clearly of the opinion that this court has power to order costs to petitioning creditor against a creditor of the bankrupt opposing the adjudication, and the contention just considered must be overruled.

[3] 2. In view of the attitude taken by this opposing creditor in arraying itself with the bankrupt and supporting the latter in its protracted defense, and in view of the interest which such opposing creditor apparently had in preventing an adjudication, I know of no good reason why this creditor should not now pay its share of the costs rendered necessary by the joint action of itself and the bankrupt, and I am satisfied from the record that this opposing creditor rendered

able and effective assistance to the bankrupt in protracting the proceedings on the involuntary petition and in delaying the adjudication. In view of the large indebtedness of the bankrupt to this creditor, and in view, also, of the receipt by the latter of a considerable payment on such indebtedness, shortly before the filing of the involuntary petition, it is plain that such creditor was deeply interested in preventing the adjudication sought. If the efforts of these two allied defendants had been successful, certainly each would have had a right to expect to recover its lawful costs against petitioning creditors and undoubtedly would have done so. The effect of the litigation has been the depletion of the assets of the bankrupt estate to such an extent that it is doubtful whether unsecured creditors will obtain anything—at least, if all of the costs are paid out of such estate. Under all these circumstances I can see no injustice in ordering respondent creditor to reimburse petitioning creditors for its fair share of the taxable costs. It voluntarily became a party to the cause, and made a vigorous defense, and should in equity accept the natural result of its own acts.

It follows that the objections must be overruled, and the petitioning creditors will recover their legal costs against the bankrupt estate and the opposing creditor jointly. As already pointed out, I have not been called upon to determine, and have not considered, any question as to the items of costs properly so taxable. Any such question can be considered when it arises.