H. DOUGLAS VAN DUSER, as Temporary Receiver of R. M. B. C. CORPORATION, Plaintiff, v. AMERICAN SURETY COMPANY OF NEW YORK, Defendant.

City Court of Rochester, September 17, 1934.

*Hyman G. Gould,* for the plaintiff.

*Carnahan & Block* [*Wilton A. Block* of counsel], for the defendant.

GITELMAN, J. Prior to the commencement of this action, a petition was made to the United States District Court for the Western District of New York praying that the R. M. B. C. Corporation be adjudged a bankrupt, and an application was simultaneously made for the appointment of a receiver to take charge of and hold the property of the said corporation prior to the adjudication.   Pursuant to section 3, paragraph (e) of the Bankruptcy Act (U. S. Code, tit. 11, § 21, ¶ [e]) the defendant, as surety, together with one Schuyler, as principal, jointly and severally executed a bond conditioned for the payment of costs, expenses and damages occasioned by the seizure of said property by the receiver not to exceed $250 should the petition for bankruptcy be dismissed.

Thereafter said petition was dismissed and the receiver appointed in said proceeding discharged.   This action was brought by the plaintiff, as temporary receiver of said corporation (appointed by the Supreme Court of the State of New York), against the defendant to recover $250 as damages suffered by said corporation by reason of the seizure of its property by the receiver in the bankruptcy court,

The defendant claims that this court has no jurisdiction to try the issues involved, and that the sole jurisdiction to fix the liability of the defendant on said bond lies with the United States District Court. Inasmuch as the entire question hinges upon section 3, paragraph (e) of the Bankruptcy Act (U. S. Code, tit. 11, § 21, ¶ [e]), it is herein set forth: " Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond with at least two good and sufficient sureties, who shall reside within the jurisdiction of said court, to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt.

" If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors in such bond."

The case of *Hill Company* v. *Contractors Supply & Equipment Co.* (156 Ill. App. 270, 274; 24 Am. Bank. Rep. 84) involved the same question as is before the court in this case. The court in that case said: "A new right is created by section 3-e. Without this provision, no damages could be recovered on the dismissal of the petition, unless malice and lack of probable cause appeared. The statutory right, however, is not dependent upon the existence of either malice or lack of probable cause. But the statute creating the right also provides a specific remedy; indeed it creates no right distinct from and independent of the remedy. The language is not, that plaintiff shall be entitled to damages which may be allowed by the court, but that he shall be allowed his damages and that these shall be fixed and allowed by the court. This clearly does not mean by any court, but by the bankruptcy court. In other words, the new right is not to sue for damages, but to have damages allowed in the bankruptcy proceedings by the bankruptcy court."

This court is in accord with the opinion of the learned court in the above case. The langugage of the act must be taken in its entirety and it seems to the court that no one would contend that an action could be successfully maintained in a State court to fix

the amount of the " costs " in the bankruptcy proceeding inasmuch as no court other than a court of review can fix the amount of costs in any other court. The plaintiff cannot have another court fix the " damages " if he cannot have the " costs " fixed. As stated in the *Hill* case, the right of action is entirely statutory and Congress had the power to provide exactly how and by whom the fees, costs, expenses and damages shall be fixed, and the language used in the act unmistakably vests that power solely with the Federal court. Counsel for the plaintiff contends that the *Hill* case does not apply, claiming that that action was not one on the bond but was trespass on the case against the petitioning creditor. The plaintiff in that action tried to recover on every theory it could and the court discusses each of the theories set forth by the plaintiff and holds that the plaintiff cannot recover on any of the theories advanced by it including the one directly on the bond, holding that the Federal court has the sole jurisdiction to fix the amount of damages which could be recovered from the obligor thereof.

Congress tried to protect people from unwarranted seizures in bankruptcy proceedings and provided a means of securing the payment of costs and damages by requiring a bond to be filed with the court. While the petitioning creditors are liable for the costs in the bankruptcy proceeding itself, they are not liable for the costs and damages incurred by the seizure. The obligors on the bond are the only ones liable for the payment of costs and damages occasioned by the seizure. (See *Matter of General Research Laboratories, Inc.*, [D. C. S. D. N. Y.] 7 F. [2d] 512.)

The plaintiff contends that the action on the bond must be by an independent suit, and quotes from the case of *Matter of Wise* ([D. C. W. D. Wash.] 212 F. 567). While it is true this case does hold counsel fees and damages should be recovered in an independent suit upon the bond, the court does not say that such action should be brought in a State court or that a State court has jurisdiction thereof. Plaintiff's counsel also cites *Matter of Hines* ([D. C.] 144 F. 147), but that case has no application here inasmuch as that involved an injunction bond, entirely different from the one involved in this action. He also cites *Matter of Weissbord* ([D. C.] 241 F. 516), but in that case the alleged bankrupt petitioned the Federal court for his relief and did not bring an action on the bond in a State court.

The plaintiff further contends that because of the fact that he must seek his relief against the defendant by an independent action which involves less than $3,000, the Federal court has no jurisdiction and that he will not be able to bring the defendant into the Federal court. This court feels that plaintiff's contention is

erroneous and that the defendant submitted to the jurisdiction of the Federal court by executing and filing the bond in question. The United States District Court in the case of *Matter of Mayo* (Fed. Cas. No. 9,353; 4 Hughes, 377, 382), specifically held that the court had jurisdiction of the sureties of a bond filed in the bankruptcy court, and the Circuit Court in reviewing that case (being Fed. Cas. No. 9,353a; 4 Hughes, 377, 384) affirmed said judgment, holding that the court had jurisdiction to proceed against the sureties by summary petition if necessary.

There can be no question about the jurisdiction of the Federal court of the sureties on a bond given pursuant to section 3, paragraph (e), of the Bankruptcy Act (U. S. Code, tit. 11, § 21, ¶ [e]). It is specific in requiring that the sureties " shall reside within the jurisdiction of said court." By making that requirement, Congress made sure that the court would have jurisdiction of the obligors on a bond in order to enforce payment of any costs and damages fixed by it.

This court holds it has no jurisdiction and, therefore, dismisses the complaint against the defendant, with seven dollars statutory costs to the defendant.