## In re GHIGLIONE.

(District Court, S. D. New York.   April 10, 1899.)

BANKRUPTCY—DISMISSAL OF PETITION—COUNSEL FEES.

The provision of section 3 (e) of the bankruptcy act (30 Stat. 546), for the allowance of "costs, counsel fees, expenses, and damages" to the respondent when a petition in involuntary bankruptcy is dismissed, applies only to cases where an application to seize and hold the property of the alleged bankrupt pending the hearing was granted, and bond given, as provided in the same subdivision of section 3. In other cases the court cannot allow counsel fees, in addition to costs, to the successful defendant, the matter being governed by rule 34.

In Bankruptcy.

Coudert Bros., for petitioning creditors.

Bullowa & Bullowa, for respondent.

BROWN, District Judge. On the 11th of November, 1898, a creditors' petition was filed against Ghiglione to have him declared a bankrupt, charging insolvency and concealment of property. Upon an answer denying both charges, and two jury trials thereon, there being a disagreement on the first trial, the issue was finally determined in favor of the defendant, and the petition has been dismissed. Prior to the taxation of costs, defendant's counsel move for "counsel fees" to be allowed and taxed by the court pursuant to section 3 (e) of the bankrupt act. That clause provides as follows:

. (e) "Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt and an application is made to take charge of and hold the property of the alleged bankrupt prior to the adjudication, the petitioner shall file a bond \* \* \* conditioned for the payment, in case such petition is dismissed, \* \* \* all costs, expenses and damages occasioned by such seizure, taking and detention of the property of the alleged bankrupt.

"If such petition be dismissed by the court, or withdrawn by the petitioner, the respondent shall be allowed all costs, counsel fees, expenses and damages occasioned by such seizure, taking or detention of such property. Counsel fees, costs, expenses and damages shall be fixed and allowed by the court and paid by the obligors in such bond."

The prior subdivision (b) of section 3 contains the general provisions for petitions by creditors against alleged bankrupts. Subdivisions (c) and (d) regulate the proceedings in defense and the trial thereof: while subdivision (e) provides for the special case of a seizure of the defendant's property before adjudication.

Rule 34 of the supreme court in bankruptcy is evidently intended to govern the allowance of costs in ordinary involuntary proceedings. It provides that the petitioning creditor if successful shall recover "the same costs that are allowed to a party recovering in a suit in equity; and if the petition is dismissed, the debtor shall recover like costs against the petitioner."

There is no other provision in the bankrupt act or in the rules, authorizing this court in bankruptcy cases to allow or tax a counsel fee on dismissal.

On careful consideration of the arguments of counsel on these provisions, I am of the opinion that the last paragraph of subdivision (e) above quoted, applies only to cases arising under the first paragraph of that subdivision, and where the application "to take charge of and hold the property of the alleged bankrupt" prior to adjudication has been granted and the bond given. The allowance of "counsel fees" in addition to costs can rest only on express statutory provision. It is contrary to the ordinary federal practice, and seems to have been designed to afford a fuller measure of indemnity to the defendant than is ordinarily afforded in legal proceedings in the federal courts, for an unjustifiable interference with his property. Such interference may at times be ruinous, and by breaking up a man's business make him insolvent when he was not insolvent before. It is an available weapon which may be misused, and is there-

fore justly guarded by special provisions for the most complete indemnity to the accused. Ordinary cases of involuntary proceedings, not accompanied by such injurious interference, fall as respects costs under the provisions of rule 34, which does not allow counsel fees in addition to costs.

In the present case though an application was made for a receiver, the application was denied as unnecessary; no bond was given, nor was any injunction issued interfering with the transaction of the defendant's business in the manner in which it had been theretofore carried on. The motion for counsel fees must therefore be denied, and the costs taxed under rule 34.