## In re MORRIS.

(District Court, E. D. Pennsylvania. April 18, 1902.)

BANKRUPTCY—DISMISSAL OF INVOLUNTARY PETITION — COUNSEL FEES AND DAMAGES.

On dismissal of a petition to have another adjudged an involuntary bankrupt, the respondent is entitled to costs, but there is no provision in Bankr. Act 1898, authorizing the allowance of counsel fees or damages, except section 3e, which applies only when respondent's property has been taken out of his possession.

In Bankruptcy. On motion to dismiss petition and for allowance of counsel fees and damages.

Harry S. Hopper, Esq., for creditor.
Abram S. Ashbridge, Jr., for alleged bankrupt.

J. B. McPHERSON, District Judge. This petition was filed by a single creditor, who averred that the creditors of the bankrupt were less than 12 in number. The bankrupt filed an answer averring the existence of a larger number, and appending the list required by section 59, cl. e. Upon this answer the usual order was made, notifying the creditors that they might join in the petition if they so desired. None having asked to join, it follows that the motion to dismiss must prevail.

I am asked also to make an order awarding costs to the bankrupt, together with counsel fees and damages. Undoubtedly the bankrupt is entitled to costs, but there is no provision in the act for the allowance of counsel fees or damages, except under section 3, cl. e, and this applies only when the bankrupt's property has been taken out of his possession. The subject has been fully considered by Judge Brown in the Southern district of New York in Re Ghiglione, 1 Am. Bankr. R. 580, 93 Fed. 186, and it would be superfluous to go over the ground again. I fully agree with Judge Brown's reasoning and conclusions.

An order may be entered dismissing the petition, at the costs of the petitioning creditor.