That of Cornwall Bros. at $25.

That of Burtch on his lien for coal, etc., filed August 26th, and including the assigned claims of Olin Snyder and Thomas Thurston at $358.83.

The claim of Walter L. Visger may draw interest from November 5, 1913, and stand as the first lien or claim.

That of William Morford may draw interest from September 11, 1913, and stand as the second lien or claim.

That of George H. Burtch, on his lien (not mortgages) may draw interest from August 26, 1913, and stand as the third lien or claim.

That of Cornwall Bros. may draw interest from October 14, 1913, and stand as the fourth lien or claim.

The next lien in order is that of George H. Burtch on his mortgage of $782.94, with interest from July 1, 1913.

The next lien and claim in order is that of the mortgage of Francis Wilson, dated August 1, 1910, for $1,500, and interest thereon to September 1, 1910 when the payment of $300 will be deducted and interest on the balance added thereto to the date of decree.

The next lien and claim in order is that of Frank La Rue of $300, with interest from August 1, 1910.

There will be a decree or judgment establishing these claims and liens accordingly, and for a condemnation and sale of the boat, her engines, etc., and for the payment of the costs of such sale, etc., and then of such liens in the order named, out of the proceeds.

As to the libelants Kenneth Visger and Walter S. Visger, the libel is dismissed. No costs will be allowed.

---

### In re SHON.

(District Court, D. Massachusetts. January 11, 1913.)

#### No. 18,310.

BANKRUPTCY (§ 482*)—INVOLUNTARY PETITION—DISMISSAL—COSTS.

> On dismissal of an involuntary petition in bankruptcy it is at least doubtful if the court has power to allow a motion to so tax respondent's costs as to include an allowance for counsel fees therein; and in the exercise of discretion such taxation was refused, although it was assumed that the proceedings were not brought in good faith, and that alteration of a promissory note and perjury had been resorted to in an effort to sustain them.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

In Bankruptcy. In the matter of bankruptcy proceedings of A. J. Shon. On respondent's application for taxation of costs in his favor, so as to include an allowance for counsel fees. Denied.

John A. Kerns, of Fall River, Mass., for petitioning creditors.
Friedman & Atherton, of Boston, Mass., for respondent.

MORTON, District Judge. An involuntary petition in bankruptcy which was brought against the respondent having been dismissed, the

respondent now moves that costs in his favor against the petitioners be so taxed as to include an allowance for counsel fees. He says that the referee's report clearly shows that, as to the intervening petitioner Labbe, the proceedings were not brought in good faith, and that alteration of a promissory note and perjury were resorted to in an effort to sustain them; and he contends that under such circumstances a further sum ought to be allowed in the way of costs beyond those which regularly follow the dismissal of a petition.

There was no seizure of property, and it is at least doubtful whether the court has power to allow the motion. In re Ghiglione (D. C.) 93 Fed. 186; In re Morris (D. C.) 115 Fed. 591; In re Williams (D. C.) 120 Fed. 34; In re Hines (D. C.) 144 Fed. 147; Collier on Bankruptcy (9th Ed.) pp. 116, 1084. But see Andrews v. Barnes, 39 Ch. D. 133, as to the general power of courts of equity over costs. I have not found it necessary to decide that question, because it seems to me that I ought, in the exercise of my discretion, to deny this motion.

Such costs were refused in the cases above cited; no American decision granting them has been called to my attention. To allow this motion would open the door to inquiry as to the good faith of the losing party in prosecuting or defending almost any equity suit or bankruptcy petition, and would establish a far-reaching precedent. The case is no doubt a hard one for the respondent, who has been put to much trouble and expense; but his situation is no worse than it would be if an unwarranted and fraudulent action at law had been instituted against him, in which event only a small part of his loss could be recovered as costs. It seems to me unwise to establish a different rule in bankruptcy or equity, or to attempt to determine on this motion questions which can be more properly raised by an action for malicious prosecution of the bankruptcy petition. Wade v. Nat. Bank of Commerce (C. C.) 114 Fed. 377; Pierce v. Thompson, 6 Pick. (Mass.) 193.

The motion is denied, and the respondent takes the usual costs on a dismissed petition.

_____

### THE METIS.

(District Court, E. D. Virginia. March 17, 1914.)

COLLISION (§ 96*)—VESSELS IN HARBOR—STEAMSHIP AND LIGHTER.

A collision occurred in the daytime in Havana harbor between the steamship Metis, which had just left her loading berth and was passing out between two anchored steamships, and the sail lighter Gen. Prim, appearing from the opposite side of one of such steamships which it was unloading. *Held*, on the evidence, that the Metis took the only practicable way out of the harbor, as other vessels had done; that she gave proper signals of her departure and did all that was possible to avoid collision after the Prim was seen; that the latter was entirely concealed behind the steamship and was solely in fault for the collision because of her failure to give warning or signal.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 203–205; Dec. Dig. § 96.*]

_____

*For other cases see same topic & §NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes