<hr />

### In re NATIONAL CARBON CO. et al.

### In re OHIO MOTOR CAR CO.

(Circuit Court of Appeals, Sixth Circuit. April 13, 1917.)

#### No. 2957.

1. BANKRUPTCY ⟨key⟩482(3)—DISMISSAL OF PETITION—COSTS.

     Bankr. Act July 1, 1898, c. 541, § 3e, 30 Stat. 546 (Comp. St. 1916, § 9587), providing that when a petition is filed to have a person adjudged a bankrupt, and an application is made to take charge of his property prior to the adjudication, a bond shall be filed, and that, if such petition be dismissed or withdrawn, the respondent shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure of such property, applies only to costs on the dismissal of a petition for seizure of the property before adjudication, and has no application to a dismissal of the bankruptcy petition; and the costs upon such dismissal are governed by General Order in Bankruptcy No. 34, providing that, when the debtor resists and is adjudged a bankrupt, the petitioning creditor shall recover the costs allowed to a party recovering in a suit in equity, and that, if the petition is dismissed, the debtor shall recover like costs against the petitioner.

     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897.]

2. BANKRUPTCY ⟨key⟩482(3)—DISMISSAL OF PETITION—COSTS.

     Upon dismissal of an involuntary petition in bankruptcy after reversal of the order of adjudication, compensation to the trustee and his counsel cannot be taxed against the petitioning creditors as costs of suit, under General Order in Bankruptcy No. 34.

     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897.]

<hr />

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ⟨⟩474—DISMISSAL OF PETITION—COSTS.

Upon such dismissal, where a receivership is neither had nor asked, the court has no inherent power, at least in the absence of fraud or bad faith, to assess the compensation of the trustee and his counsel against the petitioning creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884.]

4. BANKRUPTCY ⟨⟩474—DISMISSAL OF PETITION—COSTS.

Assuming that petitioning creditors may, in a proceeding for malicious or bad faith prosecution of a bankruptcy petition, be made liable for the compensation of the trustees and their counsel, the institution of the proceeding by creditors who were estopped by their conduct to maintain such proceeding was not such bad faith as would charge them with such liability.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884.]

Petition to Revise an Order of the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge.

In the matter of the bankruptcy of the Ohio Motor Car Company. Petition of the National Carbon Company and others to revise an order of the District Court dismissing the proceeding and awarding costs. Order in part reversed, without prejudice to other proceedings.

W. B. Mente, of Cincinnati, Ohio, for petitioners.

S. C. Roettinger and H. M. Hoffheimer, both of Cincinnati, Ohio, for respondents.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. In a creditors' suit in a state court of Ohio a receivership was ordered over the property of the Ohio Motor Car Company, and a receiver put in possession of its assets. Later involuntary proceedings in bankruptcy were instituted in the court below against the Motor Car Company, and upon petition of certain intervening creditors the company was adjudicated bankrupt, and three trustees were appointed. No receiver was appointed or asked for in the bankruptcy cause, nor was there any seizure of the property of the alleged bankrupt therein, the state court having largely administered the estate. This court reversed the order adjudicating bankruptcy, holding the intervening creditors estopped to maintain bankruptcy proceedings by reason of their acquiescence in the state court receivership and the acceptance of dividends thereunder, and accordingly directed the dismissal of the bankruptcy proceedings. Ohio Motor Car Co. v. Eiseman Magneto Co., 230 Fed. 370, 144 C. C. A. 512. In pursuance of the mandate, the District Court made such order of dismissal, assessing against petitioning creditors certain costs of the proceedings below, as well as the costs of this court. At the same time it ordered the return to the receiver appointed by the state court of all the debtor's assets in the hands of the trustees in bankruptcy (the receiver having turned over to the bankruptcy trustees all assets remaining in his hands), less certain disbursements of such trustees made for the preservation of the fund. In the same connection, the

court below, acting upon the report and petition of the trustees in bankruptcy, directed the latter to pay from the remaining fund certain cash advanced by their counsel, and, in addition, ordered the intervening creditors to pay, as part of the costs of the bankruptcy cause, $100 trustees' compensation and $100 compensation to counsel for the trustees. Petitioners ask the reversal of so much only of this order as awards these two compensation items of $100 each.

The trustees and their counsel are not represented here. Counsel for the Motor Car Company and the state court receiver respectively filed brief and participated in the argument.

Petitioners distinctly challenge the authority of the District Court to award against them the compensation items in question. It scarcely need be said that such authority must be looked for entirely outside the mandate of this court; the order for costs therein related only to the costs of this court.

[1] There is, in express terms, no statutory authority for the awarding of trustees' compensation and attorney's fees against petitioning creditors. Section 3e of the Bankruptcy Act, after providing for application to seize and hold the property of the alleged bankrupt prior to adjudication and for the giving of bond thereon, provides that "if such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, taking, or detention of such property," such fees, costs, expenses and damages to be "fixed and allowed by the court, and paid by the obligors in such bond." But this provision plainly relates to the dismissal of petition for seizure of property before adjudication—as by receivership—and has nothing to do with the awarding of costs upon a mere dismissal of the petition for adjudication of bankruptcy. The costs upon such dismissal are provided for only by General Order in Bankruptcy No. 34, which declares that, when the debtor resists an adjudication and is adjudged a bankrupt; the petitioning creditor shall recover, and be paid out of the estate, the costs "allowed to a party recovering in a suit in equity; and if the petition is dismissed, the debtor shall recover like costs against the petitioner." Such has been the uniform construction of the act, as sufficiently shown by the authorities cited in the margin.[1] There is no other statutory provision for costs except section 2 (18) of the Bankruptcy Act (Comp. St. 1916, § 9586), which gives authority to tax costs when allowed by law, and render judgment therefor against either party or partly against the estates and the parties, and section 824 of the Revised Statutes (Comp. St. 1916, § 1378), which provides a counsel fee under the name of "docket fee" on a final hearing in equity. The question whether such "docket fee" is taxable in bankruptcy matters (In re Morris [D. C.] 115 Fed. 591; In re Wise [D. C.] 212 Fed. 567, 568) is not involved here.

[2] It is clear that counsel fees, expenses, and damages incurred by the alleged bankrupt are not, upon a mere denial of the petition

1 In re Ghiglione (D. C.) 93 Fed. 186; In re Williams (D. C.) 120 Fed. 84; Selkregg v. Hamilton (D. C.) 144 Fed. 557, 559; In re Ward (D. C.) 203 Fed. 769, 772, et seq.; In re Wise, 212 Fed. 567; In re McKenzie (D. C.) 219 Fed. 630.

for adjudication, taxable against the petitioning creditors as costs of the litigation, unless such items would be so taxable "on a final hearing in equity." We think it also clear that the alleged bankrupt's own counsel fees and expenses of the litigation are not taxable as costs under General Order No. 34. The power to so tax, as relating either to counsel fees alone or to both expenses and counsel fees, has been distinctly denied in several cases.[2] We have found no decisions asserting the power of the bankruptcy court to so tax in the absence of the preadjudication seizure of the alleged bankrupt's property.[3]

Does the compensation of the trustee in bankruptcy and of the latter's counsel occupy a better position?

Treating these compensation items merely as costs of suit, they manifestly are not taxable under General Order No. 34, for the alleged bankrupt did not contract for the services in question, but, on the contrary, opposed the trusteeship, and thus the rendering of the services involved, and is not presumably obligated personally for their payment.

There have been, however, several decisions sustaining the power of the District Court to assess not only against the fund, but as against petitioning creditors the expenses of a receivership, including the fees and disbursements of the receiver. In re T. E. Hill Co. (C. C. A. 7) 159 Fed. 73, 76, 86 C. C. A. 263; In re Lacov (C. C. A. 2) 142 Fed. 960, 74 C. C. A. 130; In re Aschenbach Co. (C. C. A. 2) 183 Fed. 305, 105 C. C. A. 517; Beach v. Macon Grocery Co. (C. C. A. 5) 125 Fed. 513, 60 C. C. A. 557. Indeed, where the property is restored to the bankrupt, such fees and disbursements being a lien thereon would naturally be included in "expenses and damages," under section 3e of the Bankruptcy Act.

It seems, moreover, to be the rule that in receiverships in courts of equity, as distinguished from courts of bankruptcy, the creditors responsible for the unauthorized receivership may, in a proper case, be held liable for the expenses and costs incurred, including the fees and expenditures of the receiver, and apparently in recognition of the inherent power in the court of equity to make such disposition. Richmond v. Irons, 121 U. S. 27, 64, 7 Sup. Ct. 788, 30 L. Ed. 864; Couper v. Shirley (C. C. A. 9) 75 Fed. 168, 171, 21 C. C. A. 288; Chicago Title, etc., Co. v. Newman (C. C. A. 7) 187 Fed. 573, 577, 109 C. C. A. 263.

In the instant case the alleged bankrupt, being a corporation, may or may not have sustained actual damage by reason of the liability of the fund for the compensation of the trustees and their counsel; the fund has been ordered returned to the receiver appointed by the state court, and presumably has been so returned for purposes of distribution among creditors.

---

[2] In re Ghiglione, supra; In re Morris (D. C.) 115 Fed. 591 (opinion by Judge McPherson); In re Williams (D. C.) 120 Fed. 34, 37 (opinion by Judge Trieber); In re Hines (D. C.) 144 Fed. 147 (opinion by Judge Wolverton).

[3] Judge Morton, while finding it unnecessary to decide whether the bankruptcy court had power to tax counsel fees in excess of those regularly following the dismissal of a petition, declined to make such taxation because in his opinion the question could "be more properly raised by an action for malicious prosecution of the bankruptcy petition." In re Shon (D. C.) 212 Fed. 797.

But treating the order of the District Court for payment of the compensation in question as for the benefit either of the trustees and their counsel, or of the state court receiver, and thus of the creditors represented by him, such compensation is plainly not covered by the statutory provision relative to costs of suit, and can be recovered, if at all, only as damages or expenses by analogy to the provisions applicable to receivership cases.

[3] We think the rules applicable to liability for expenses and damages in receivership cases not pertinent to mere denials of petitions for adjudication of bankruptcy in cases not involving preliminary seizure of the debtor's property, and that there is no inherent power in the bankruptcy court, at least in the absence of fraud or bad faith on the part of petitioning creditors in making the application for adjudication, to assess the compensation of the trustee and his counsel against such creditors in cases where receivership is neither had nor asked. The fact that the Bankruptcy Act contains express provision for such award in the case of receivership, and that not only the act, but the general order, wholly omits it in nonreceivership cases, strongly works against an intention to recognize the existence of such power in cases of mere denial of petition to adjudicate bankruptcy. Parties responsible, even for a receivership, are not ordinarily personally liable for the expenses by reason merely of the inadequacy of the fund to meet the same. Atlantic Trust Co. v. Chapman, 208 U. S. 360, 28 Sup. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155; In re Metals, etc., Co. (C. C. A. 7) 195 Fed. 226.

[4] Assuming, for the purposes of this opinion, that petitioning creditors may, in a proceeding for malicious or bad faith prosecution of a bankruptcy petition, be made liable either to creditors (in this case through the medium of the state court receiver) or directly to the trustees and their counsel for the compensation of those officers, there is, in our opinion, no liability therefor except in a proceeding of the nature stated. The proceeding below was not of that nature, no charge of that kind was made, and of course we express and have no opinion on the merits of such claim, if made.

By our reference to fraud, bad faith, or malice on the part of petitioning creditors—in connection with the inference that such a case will not be concluded by this opinion—we do not intend to include such conduct on their part as here appeared and as was considered in our former opinion. 230 Fed. 370, 144 C. C. A. 512. The petitioning creditors here were held personally estopped by conduct which was in a sense in bad faith toward other creditors; but the alleged bankrupt was all the time confessedly subject to adjudication upon proper complaint, the petitioning creditors acted under a view of their legal rights which view the District Court approved, and they did not proceed upon false allegations, or otherwise attempt to deceive that court.

It follows, from what we have said, that so much of the order of the District Court as directed the payment by petitioners of the compensation of the trustees and their counsel must be reversed. The reversal, however, will be without prejudice to such further or other proceedings, if any, in the premises as the parties in interest may be entitled to.