## In re NEW ROCHELLE COAL & LUMBER CO.

District Court, S. D. New York.
March 21, 1935.

Twyeffort & DuBois, of New York City, for debtor.

Seacord, Ritchie & Young, of New York City, for New Rochelle Trust Co.

CAFFEY, District Judge.

The statute plainly authorizes allowance to the attorneys of the debtor for services such as have been rendered by the attorneys for the debtor in this case. In view of the debtor having expressly consented to the allowance of the amount applied for by its attorneys, there being no opposition by creditors and it being satisfactorily established that there is no likelihood of the interest of the creditors being adversely affected, the amount asked for by the debtor's attorneys will be approved. In the circumstances it would serve no useful purpose to summarize these services, which are adequately described in the petition. Nevertheless, within the rule of Randall v. Packard, 142 N. Y. 47, 36 N. E. 823, governing the determination of the value of professional services, I think the sum sought here is reasonable.

Subdivision (c) (9) of section 77B of the Bankruptcy Act, 11 USCA § 207 (c) (9), dealing with compensation to be paid by the debtor or out of the debtor's estate, is very general in terms. On the other hand, the section in its entirety makes it manifest that it is the duty of the court to keep expenses to the debtor or to a debtor's estate carefully within rather narrow limits. This is the view taken by my associates. See, for example, the memorandum of Judge Goddard dated November 27, 1934, In the Matter of the Petition of DeWitt Clinton Co., Inc., a Corporation (D. C. No. 60123) 11 F. Supp. 829.

With the view just stated in mind, I am persuaded that only two types of services rendered by the attorneys for the trust company come within the intention of the clause of the statute referred to. These are the services rendered to the trust company in guiding it as a depositary of the bonds and the services rendered to the debtor as the owner (through a subsidiary) of a portion of the bonds. As nearly as I can estimate, a reasonable value of those services is $500.

All I have said is without criticism of or in derogation of the value of the whole of the legal services rendered by the attorneys for the trust company; but I am persuaded that the attorneys must look elsewhere than to the debtor for compensation for such of those services as are outside of the two specific kinds which I deem to be within the statute.

I have signed an order accordingly.