## In re WILKES-BARRE HOTEL CO.
### No. 9367.

District Court, M. D. Pennsylvania.
Jan. 25, 1937.

876

John D. Farnham, of Wilkes-Barre, Pa., and Herman Mendes (of Mendes, Krisel & Lessall), of New York City, for petitioning creditors.

James P. Harris and Robert J. Doran, both of Wilkes-Barre, in pro. per.

JOHNSON, District Judge.

This is a motion to dismiss a petition for payment of counsel fees and expenses.

Three creditors filed a petition under section 77B, Bankr.Act (11 U.S.C.A. § 207), against the Wilkes-Barre Hotel Company. After hearing, it was dismissed for want of prosecution. Thereupon, counsel for the Wilkes-Barre Hotel Company filed a petition praying that their fees and expenses incurred in opposing the petition under 77B be paid by the three creditors. A rule was issued on the creditors, who thereupon moved to dismiss the attorney's petition for the reason, among others, that 77B makes no provision for such allowances.

■■ The only provision in section 77B relating to attorneys fees (77B (c) (9), 11 U.S.C.A. § 207 (c) (9), is as follows: •"Upon approving the petition or answer or at any time thereafter, the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him, * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, * * * and the attorneys or agents of any of the foregoing and of the debtor." The judge may allow fees to attorneys for the debtor only after approval of the petition for services rendered in connection with the proceeding and the plan. The act contemplates that the compensation, 11 U.S.C.A. following section 53 shall be made out of the debtor's estate. See General Order 42; In re New Rochelle Coal & Lumber Co. (D.C.) 11 F.Supp. 830; In re Memphis St. Ry. Co. (D.C.) 11 F. Supp. 682; In re Sefton Nat. Fibre Can. Co. (D.C.) 13 F.Supp. 83; In re Allied Owners Corp. (C.C.A.) 79 F.(2d) 187; In re National Lock Co. (C.C.A.) 82 F.(2d) 600; In re Paramount Publix Corp. (C.C. A.) 82 F.(2d) 230; In the Matter of Robinson Mfg. Co. (D.C.M.D.Pa.) 17 F.Supp. 723. In this case the petition under 77B had not yet been approved; and the services were not rendered in connection with a reorganization plan and proceeding. Accordingly, the attorney's petition for fees does not come within 77B (c) (9).

■ ◦Section 77B contains no express provision for costs or attorney's fees when a petition is dismissed. See Gerdes on Corporate Reorganizations, §§ 315–318. All other provisions of the Bankruptcy Act except such as are inconsistent apply to 77B. Gerdes on Corporate Reorganizations, p. 83; section 77B (k), 11 U.S.C.A. § 207(k). The only other provision of the Bankruptcy Act which might be applicable to this case is section 3 (e), 11 U.S.C.A. § 21(e). This section provides that, whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of the property of the alleged bankrupt, the

applicant shall file a bond conditioned for repayment, to the respondent, in case such petition is dismissed, all costs, expenses, and damages occasioned by such seizure; and, if such petition be dismissed, the respondent shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, which shall be paid by the obligors on such bond. Where property has not been seized or taken out of the possession of the alleged bankrupt, counsel fees are not allowable. In re Ghiglione (D.C.) 93 F. 186; In re Morris (D.C.) 115 F. 591; In re Williams (D.C.) 120 F. 34; In re Hines (D.C.) 144 F. 147; In re Wise (D.C.) 212 F. 567; In re Shon (D.C.) 212 F. 797, 798; In re National Carbon Co. et al. (C.C.A.) 241 F. 330; In re General Research Laboratories, Inc. (D.C.) 7 F. (2d) 512. In the Shon Case, supra, the court said: "No American decision granting them has been called to my attention. To allow this motion would open the door to inquiry as to the good faith of the losing party in prosecuting or defending almost any equity suit or bankruptcy petition, and would establish a far-reaching precedent. The case is no doubt a hard one for the respondent, who has been put to much trouble and expense; but his situation is no worse than it would be if an unwarranted and fraudulent action at law had been instituted against him, in which event only a small part of his loss could be recovered as costs. It seems to me unwise to establish a different rule in bankruptcy or equity, or to attempt to determine on this motion questions which can be more properly raised by an action for malicious prosecution of the bankruptcy petition."

There is no provision in the Bankruptcy Act requiring petitioning creditors to pay to counsel for the debtor their fees for services rendered in successfully opposing the creditor's petition when no trustee has been appointed and the debtor's property has not been seized.

The affidavits of Edward A. Griffiths and Charles Stewart Davison, offered by the petitioning creditors at the argument, and objected to by petitioners, are excluded from the record for the reason that they are ex parte affidavits inadmissible under the rules of evidence and irrelevant to this proceeding.

And now, January 25, 1937, the motion of creditors to dismiss the attorney's petition is granted, the petition is dismissed, and the rule granted thereon is discharged.