### In re SABUL.

No. 28870.

District Court, D. New Jersey.

Nov. 28, 1940.

David Novack, of Camden, N. J., for the motion.

Albert Rathblott, of Camden, N. J., opposed.

AVIS, District Judge.

Recently I determined that alleged bankrupt was not insolvent when he preferred his father-in-law as a creditor by executing a chattel mortgage to secure the repayment of a loan.

Upon notice, and presentation of a proposed order, the attorney for alleged bankrupt requests that an allowance be made in taxed costs for attorney's fees against the petitioning creditors.

The request is based upon the provisions of section 2, sub. a(18), of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(18), and General Order No. 34, 11 U.S.C.A. following section 53.

The former empowers the bankruptcy court to "Tax costs and render judgments therefor against the unsuccessful party, against the successful party for cause, in part against each of the parties, and against estates, in proceedings under this title." 11 U.S.C.A. § 11, sub. a(18).

The General Order reads as follows: "In cases of involuntary bankruptcy, when the debtor resists an adjudication, and the court, after hearing, adjudges the debtor a bankrupt, the petitioning creditor shall recover, and be paid out of the estate, the same costs that are allowed to a party recovering in a civil action cognizable as a case in equity; and if the petition is dismissed, the debtor shall recover like costs against the petitioner." Gen.Order 34.

The attention of the Court is also called to the provisions of section 69 sub. b of the Bankruptcy Act, 11 U.S.C.A. § 109, sub. b

(formerly incorporated in section 3 sub. e, 11 U.S.C.A. § 21, sub. e). This statute allows costs to alleged bankrupts in cases where his property is taken out of his possession by a receiver or other officer on order of court, and where a bond is given to indemnify him for costs, counsel fees, &c. This latter provision does not apply to the instant case.

Under the statute and general order above quoted, it appears that the court cannot allow counsel fees. See In re Ghiglione, D.C., 93 F. 186, in which it was held that unless a bond was given for possession, "Ordinary cases of involuntary proceedings * * * fall as respects costs under the provisions of rule 34, which does not allow counsel fees in addition to costs." 93 F. at page 188.

That determination is followed in the case In re Morris, D.C., 115 F. 591, and in which decision it is stated:

"I am asked also to make an order awarding costs to the bankrupt, together with counsel fees and damages. Undoubtedly the bankrupt is entitled to costs, but there is no provision in the act for the allowance of counsel fees or damages, except under section 3, cl. e, and this applies only when the bankrupt's property has been taken out of his possession. The subject has been fully considered by Judge Brown in the Southern district of New York in Re Ghiglione, 1 Am.Bankr.R. 580, 93 Fed.

186, and it would be superfluous to go over the ground again. I fully agree with Judge Brown's reasoning and conclusions.

"An order may be entered dismissing the petition, at the costs of the petitioning creditor." 115 F. 591.

The same ruling is in the case In re Shon, D.C., 212 F. 797, in which it was held that although it appeared that the proceedings were not in good faith, yet no counsel fee could be included in taxed costs. See, also, In re National Carbon Co., 6 Cir., 241 F. 330, 332, 333.

The case In re Wilkes-Barre Hotel Co., D.C., 17 F.Supp. 875, is a proceeding in reorganization to which the aforesaid provisions of the Bankruptcy Act were applied, and the court held that the corporate debtor could not recover counsel fees as taxed costs in a proceeding instituted by creditors when the petition was dismissed.

The only case I have been able to find which in any way suggests liability is that of In re Wise, D.C., 212 F. 567. The judge there allowed a counsel fee of $20, as provided for in equity rules, in addition to general costs. That rule is now obsolete in view of the adoption of the Federal Rules of Civil Procedure which do not contain a similar provision.

I have signed the order presented to me, dismissing the petition and providing for taxation of costs, but not including any allowed counsel fee.