## In re CHILDS CO.

District Court, S. D. New York.
Oct. 7, 1943.

Archibald Palmer, of New York City, for Scudder Realty Corporation.

Edwin M. Slote, of New York City, for petitioning creditors.

Weinstein & Levinson, of New York City, for Harriet E. Weinstein et al.

George Zolotar and Richard V. Bandler, both of New York City, for Securities and Exchange Commission.

Bergerman & Hourwich and Samuel A. Mehlman, all of New York City, for Childs Company Debenture Holders Committee.

Shaine & Weinrib, of New York City, for Maurice Shaine.

Samuel Zinman, of New York City, for Sadie K. Zinman.

Simpson, Thacher & Bartlett, of New York City (Benjamin C. Milner, of New York City, of counsel), for debtor.

Joseph Lorenz, of New York City, for Trustee.

RIFKIND, District Judge.

An application was made by Scudder Realty Corporation, an answering creditor, to resettle the order made herein on August 26, 1943. A hearing thereon was held on September 1, 1943, and thereat the testimony of Donald Banker, who was not theretofore available, was received. Insofar as the application seeks a modification of the findings of fact and conclusions of law, it is denied. The additional testimony, which I accept as true, does not lead to a change in the ultimate result of the prior proceeding, namely, the dismissal of the petition.

It was urged upon the Court that the new evidence would have a bearing upon the award of costs and counsel fees, and it was received largely for that purpose. To the extent that it is relevant to that question, it will hereinafter be considered.

In the order of August 26, 1943, the Court reserved jurisdiction of the proceeding to make such orders under the Bankruptcy Act as it may deem proper. The award of costs and compensation, incidental to the dismissed proceeding, was clearly comprehended within the reservation, and I shall, therefore, consider the remainder of the application of Scudder Realty Corporation as a motion for that purpose.

The learned Special Master has recommended that the petition be dismissed "with costs and disbursements against the petitioning creditors." His report does not disclose in whose favor such costs should be awarded. From the record before me, including the evidence of Banker, it is clear that although the debtor filed an answer denying the allegation of insolvency, it did not actually resist the petition and that the purpose of its answer was dilatory and part of an effort to obtain time to escape from its financial embarrassment. Only if it had succeeded in reaching this business objective would it have seriously undertaken the effort to bring about the dismissal of the petition. Under the circumstances it is abundantly clear that the successful party was not the debtor who had welcomed the petition and had cooperated in its filing, but the answering creditor.

Section 2 (18) of the Bankruptcy Act, 11 U.S.C.A. § 11(18), confers upon the Court the necessary statutory authority to tax such costs against the petitioning creditors, Petition of Kurtz Brass Bed Co., D.C.E.D. of Mich., 1918, 250 F. 116; and I agree with Referee Stephenson that costs include disbursements which are normally taxable.

The answering creditor asks that such costs shall be taxed not only against the petitioning creditors but against the debtor and against one Robert E. Rich and one Samuel Zinman. The Special Master reported (although he made no finding) that Deerbon, one of the petitioning creditors, was a dummy of Rich. He also reported (although he made no finding) that Samuel Zinman was the true owner of the securities, if any, in the account of Sadie K. Zinman. The evidence received in the course of the examination under Section 21, sub. a, 11 U.S.C.A. § 44, sub. a, has thrown much doubt on the latter proposition, but none on the finding that Sadie K. Zinman was not a creditor. But even as to Rich, no authority has been cited in support of the proposition that the principal of a party in litigation may be subjected to a judgment for costs. Liability for costs must find its basis in statute. 20 Corpus Juris Secundum, Costs, § 2, p. 259. As far as I know, it is not a contractual obligation which may be imposed upon an undisclosed principal, nor is it a tort obligation subject to the doctrine of respondeat superior. Section 2(18) speaks of "parties" and the general rule is that no judgment

for costs can be rendered against a person not a party to the suit. 20 Corpus Juris Secundum, Costs, § 120, p. 360.

■ Section 2 (18) does confer upon a bankruptcy court the power to tax costs against "estates." General Order 34, 11 U.S.C.A. following section 53, provides an instance of costs payable out of the estate. The contest here was between the petitioning creditors and the answering creditor. Whatever may have been the debtor's secret hopes and designs with respect to the outcome of the contest, they do not justify an award of costs against it.

The answering creditor further moves that the order shall provide for the payment of attorney's fees and expenses of those participating in these proceedings. The subject of "compensation and allowances" in Chapter X proceedings is covered by Sections 241–250, inclusive, of the Bankruptcy Act, 11 U.S.C.A. §§ 641–650.

■ Section 241 and 246, read together, authorize the award of compensation to a Special Master upon the dismissal of a proceeding under Chapter X. The judge is directed to "make provision for the payment thereof." I take it that such provision may be made out of the estate. The same sections authorize the award of compensation to the attorney for the debtor and the attorney for the petitioning creditors. However, the facts here do not warrant the allowance of any compensation to them.

■ The remaining question is whether compensation may be awarded to the attorney for the answering creditor and if so whether such compensation is payable out of the estate or is to be included in the costs taxed against the unsuccessful petitioning creditors. The attorney for Scudder Realty Corporation, the answering creditor herein, has rendered valuable services in uncovering an abuse of the bankruptcy practice by persons who are not creditors. Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was clearly not intended to be employed by volunteers who have no legitimate interest in an embarrassed corporation, to assist it into reorganization, even if the corporation be in need thereof. Nor does the willingness of a corporation to be made the object of "an involuntary petition" mitigate the offensiveness of the practice or lessen the abuse of judicial process involved therein.

The question is, who shall bear the expense of performing the service which unquestionably has been rendered herein? The carefully organized scheme of compensation particularized in Sections 241–250, inclusive, makes no provision for compensation to an answering creditor for the class of service here performed. Section 246, relied on by the answering creditor, authorizes compensation upon dismissal to "any persons entitled thereto, as provided in this chapter." For the identification of such persons we are necessarily referred elsewhere; and the provision elsewhere made for compensation to an attorney for an answering creditor does not embrace the instant facts. Sections 242, 243 and 244.

In re Waverly Furniture Co., D.C.N.D. N.Y., 1940, 36 F.Supp. 188, held such compensation not payable out of the estate, in a reorganization proceeding. And in re Sabul, D.C.N.J., 1940, 36 F.Supp. 95, held that an attorney's fees may not be included in costs taxed against the petitioning creditors upon the dismissal of an involuntary petition in bankruptcy. In re Hogsett, D. C.S.D.Cal., 1940, 1 F.R.D. 284, is contra, but the great weight of authority clearly supports the view expressed in the Sabul case. In re Ghiglione, D.C.S.D.N.Y., 1899, 93 F. 186; In re Morris, D.C.E.D.Pa., 1902, 115 F. 591; In re Shon, D.C.Mass., 1913, 212 F. 797; In re Wilkes-Barre Hotel Co., D.C.M.D.Pa., 1937, 17 F.Supp. 875.

It is urged on behalf of the answering creditor that, in the exercise of its equity powers, a bankruptcy court may award attorney's fees as an item of costs. Guardian Trust Co. v. Kansas City Southern R. Co., 8 Cir., 1928, 28 F.2d 233, is cited as the authority supporting that general proposition. But despite the presence of the general power in equity, its exercise has been confined to a few well defined classes of cases. With the exception of In re Hogsett, supra, I have not succeeded in finding any authority approving its exercise in bankruptcy.

■ Such judicial restraint is especially appropriate when Congress has expressly legislated on the subject. Omission of the Legislature to provide for the instance under review must be taken to express an intention not to authorize such compensation. There is hardship upon one who is unjustly petitioned into bankruptcy and who must incur expense in securing a dismissal of the petition. Nevertheless.

it has been frequently held that he cannot recover counsel fees except in circumstances specified in Section 69(b), 11 U.S.C.A. § 109(b), (formerly Section 3, subdivision e, 11 U.S.C.A. § 21, sub. e). In re Ghiglione, supra. Therefore I am constrained to hold that no compensation may be awarded to the attorney for the answering creditor either out of the estate or against the petitioning creditors. Accordingly, an order will be made herein which will fix a date for the filing of an application for compensation only by the Special Master and for judgment for costs in favor of Scudder Realty Corporation against the petitioning creditors.