**In re EASTERN ERECTORS, INC., Bankrupt.**

**No. 71–786.**

United States District Court, E. D. Pennsylvania.

June 26, 1975.

798

Gilbert Stein, Blank, Rome, Klaus &
Comisky, David Weinstein, Weinstein,

Goss & Katzenstein, Assoc., P. C., Philadelphia, Pa., for appellants.

Allen B. Dubroff, Modell, Pincus, Hahn & Reich, Philadelphia, Pa., for appellees.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

This is an appeal from an order entered by the Honorable Emil J. Goldhaber, Bankruptcy Judge, in which attorneys fees were awarded to the debtor, as prevailing party, after a final dismissal of a petition for an involuntary bankruptcy.

On November 10, 1971, Falls Equipment Corporation, Francis Pinciotti, Jr. and American Equipment Rentals, Inc. (Petitioning Creditors), filed an involuntary petition in bankruptcy against Eastern Erectors, Inc. (Eastern). The petition alleged that Eastern, while insolvent, committed the second act of bankruptcy—a preferential transfer.[1] Eastern answered on November 29, 1971 and admitted the transfer, but denied insolvency at the time of transfer. The sole issue before the Bankruptcy Court was whether on October 16, 1971, the date of the transfer, Eastern was insolvent. In an opinion and order on April 7, 1972, Judge Goldhaber held that Eastern was not insolvent on the date in question and dismissed the involuntary petition. This was affirmed by the District Court in an opinion and order by the Honorable Thomas A. Masterson on August 3, 1970 and by the Court of Appeals for the Third Circuit on September 14, 1973.

On October 1, 1973, Rule 115(e) of the Rules of Bankruptcy Procedure became effective. On October 15, 1973, Eastern filed a petition with the Bankruptcy Court seeking attorneys fees under Rule 115(e) as a prevailing party. The issue was fully briefed and argued.

On October 22, 1974, Judge Goldhaber found that Rule 115(e) was inapplicable, but granted attorneys fees under the statutory authority of § 2(a)(18) of the Bankruptcy Act, 11 U.S.C. § 11(a)(18). Although attorneys fees were allowed, no specific amount was awarded. The creditors have appealed that order to this court. On June 10, 1975 oral argument was held as required by Bankruptcy Rule 809.

■■■ A threshold inquiry is whether an appeal from the award of attorneys fees is proper. At oral argument, counsel for both sides conceded that because no specific amount was ordered as attorneys fees, they were unsure as to whether the order was final and appealable as that term is generally understood in civil litigation, and further whether finality is required under the Bankruptcy Rules before an appeal to the district court.

I believe that this appeal is properly before the court for two independent reasons. Rule 803 states:

Unless a notice of appeal is filed as prescribed in Rules 801 and 802, the judgment or order of the referee shall become final.

Thus the Bankruptcy Rule concerning appeals is written in the converse of 28 U.S.C. § 1291 which states that:

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .

While the general rule in civil cases is that only *final* orders of a district court are appealable, the language of the rule indicates that an order or judgment from a Bankruptcy Court *becomes final* if not appealed. This view is reinforced by Bankruptcy Rule 801.

An appeal from a judgment or order of a referee to a district court shall be taken by filing a notice of appeal . . . .

---

1. 11 U.S.C. § 21(a)(2). The preferential transfer is more fully defined in 11 U.S.C. § 96(a)(1).

Thus, the Bankruptcy Rules speak of appeals from orders or judgments and do not expressly require finality.

The second ground is that while an award of attorneys fees without a specific amount may not normally be appealable, the mere allowance of fees would be appealable if, as here, the power of the court to assess costs, in the first instance, is challenged. *United States v. 2,186.63 Acres of Land, Wasatch Cty., Utah,* 464 F.2d 676 (10th Cir. 1972).

■ The petitioning creditors contend that the Bankruptcy Court was without jurisdiction to award attorneys fees because once an appeal was taken "exclusive jurisdiction was transferred . . . and the Bankruptcy Court was divested of authority to deal further with the case." (Brief for Appellants, p. 4). In support of this proposition the petitioning creditors cite 9 *J. Moore, Federal Practice,* ¶ 203.11, p. 734. This section states that jurisdiction of a lower court is divested with respect to the matters involved in the appeal. Eastern properly points out that Professor Moore restricts this divestiture of jurisdiction to only those matters reviewed on appeal. 9 *Moore supra* at p. 738. Thus Eastern argues that the Bankruptcy Court was left with jurisdiction over all issues other than Eastern's insolvency. In reality the sole substantive issue in this case was insolvency—if the Bankruptcy Court's decision as to solvency was affirmed then the involuntary petition was properly dismissed; if it were reversed, then bankruptcy would have proceeded.

■ The law is unclear as to whether the Bankruptcy Court had jurisdiction to award attorneys fees. This is seemingly a question of first impression especially in regard to applicability of Rule 115(e). I have not been able to unearth a reported case directly on point. Moreover, there is a lack of tangentially helpful cases. Reference by analogy to Rule 54(d), Fed.R.Civ.P. is not particularly rewarding because a conflict exists as to whether costs can be awarded on a petition for costs filed, for the first time, after an appeal has been decided. There is authority for the proposition that the better course is to await the appellate decision so that costs are not awarded prematurely, subject to reversal. *American Infra-Red Radiant Co. v. Lambert Industries, Inc.,* 41 F.R. D. 161 (D.Minn.1966); *Fleischer v. A. A. P. Inc.,* 36 F.R.D. 31 (S.D.N.Y.1964). There are also cases which reach an opposite result. *Walpert v. Bart,* 44 F. R.D. 359 (D.Md.1968); *Simmons v. Cantor,* 3 F.R.D. 281 (W.D.Pa.1943). In the absence of any controlling precedent, my view is to accept the cases which allow costs to be awarded after the appellate court has ruled. This seems to be a more efficient use of the judicial process.

There are three provisions under the Bankruptcy Act for which attorneys fees may be awarded which are arguably relevant to the instant case.[2] Section 69(b), 11 U.S.C. § 109(b); Section 2(a)(18) and Rule 115(e). Section 69(b) requires that before attorneys fees may be awarded for the dismissal of an involuntary petition, the property of the debtor must have been taken from

2. Other provisions of the Bankruptcy Act allow for attorneys fees. In a Corporate Reorganization under Chapter X, attorneys fees may be awarded to the attorney—for the debtor or petitioning creditors, 11 U.S.C. § 641; for the interested parties such as security holders, 11 U.S.C. § 642; for creditors and stockholders, 11 U.S.C. § 643; and for the attorney for the petitioning creditors, the bankrupt or others entitled to compensation if a bankruptcy proceeding is

brought, 11 U.S.C. § 644. In "straight" bankruptcy, attorneys fees may be allowed as a first priority item to be paid from the estate. 11 U.S.C. § 104(a)(1). It should be noted that in these instances a benefit has been conferred and, therefore, the fees are awarded from the estate. These statutes do not allow a court to order a losing party to pay the attorneys fees of the prevailing party.

its possession. Such has not been the case here.

Prior to adoption of Bankruptcy Rule 115(e), a debtor who successfully obtained dismissal of an involuntary petition in bankruptcy could proceed to recover damages under § 2(a)(18)[3] and General Order 34.[4] These provisions speak only in terms of costs and do not specifically authorize attorneys fees. Because it has been widely held that attorneys fees are not costs under the Bankruptcy Act, see, e. g., *Berry v. Root*, 148 F.2d 945 (5th Cir.), cert. denied, 326 U.S. 755, 66 S.Ct. 91, 90 L.Ed. 453 (1945); *In re Warstler, CCH Bankr.L.Rep.*, ¶ 63,083 (W.D.Mich.1969), and that attorneys fees are not ordinarily recoverable by a prevailing litigant without specific statutory authorization, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), an award of attorneys fees to a debtor who successfully obtained dismissal of an involuntary petition would not ordinarily be possible. *See, e. g., Berry v. Root, supra; In re Childs*, 52 F.Supp. 89 (S.D.N.Y.1943); *In re Sabul*, 36 F. Supp. 95 (D.N.J.1940); *In re Wilkes-Barre Hotel Co.*, 17 F.Supp. 875 (M.D. Pa.1937); *In re Shon*, 212 F. 797 (D. Mass.1913); *In re Hines*, 144 F. 142 (D.Or.1906); *In re Morris*, 115 F. 591 (E.D.Pa.1902); *In re Ghiglione*, 93 F. 186 (S.D.N.Y.1899).

An exception to this rule has developed in bankruptcy cases generally, to award attorneys fees if required by eq-

uitable principles, such as business libel or lack of good faith by the losing party.[5] *In re Boston and Providence Railroad Corp.*, 501 F.2d 545 (1st Cir. 1974); *In re Hunt*, 496 F.2d 882 (5th Cir. 1974); *In re Brendan Reilly Associates, Inc.*, 405 F.2d 487 (2d Cir. 1968); *In re National Carbon Co.*, 241 F. 330 (6th Cir. 1917); *In re Carico*, 308 F. Supp. 815 (E.D.Va.1970); *In re Robinson, CCH Bankr.L.Rep.* ¶ 63,745 (M.D. Ga.1970); *In re Warstler, supra; In re Industrial Sound Engineering, Inc.*, 230 F.Supp. 154 (E.D.Wis.1964). The authority for this exception rests upon the general equity powers of the federal courts. *Hall v. Cole, supra. See also, Sprague v. Ticonic National Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939. In this context, the language of General Order 34 which allowed recovery of the "same costs that are allowed to a party recovering in a civil action cognizable as a case in equity" is instructive.

In the instant case there are no equitable considerations militating in favor of Eastern. The issue of solvency was a close question hotly disputed. Judge Goldhaber found that Eastern was solvent, but undercapitalized. In the district court, Judge Masterson found the problem to be novel because of the debtor's undercapitalization, but nonetheless affirmed Judge Goldhaber's finding of solvency. The Court of Appeals affirmed per curiam. Although this case seemingly lacks the vexatious attributes found in those instances where attorneys fees have been awarded, *see, e. g., In re Boston and Providence*

---

3. Section 2(a)(18), 11 U.S.C. § 11(a)(18), empowers bankruptcy courts to:

   Tax costs and render judgments therefor against the unsuccessful party, against the successful party for cause, in part against each of the parties, and against estates, in proceedings under this title.

4. General Order 34

   In cases of involuntary bankruptcy, when the debtor resists an adjudication, and the court, after hearing, adjudges the debtor a bankrupt, the petitioning creditor shall recover, and be paid out of the estate, the same costs that are allowed to a party re-

covering in a civil action cognizable as a case in equity; and if the petition is dismissed, the debtor shall recover like costs against the petitioner.

5. I have found only one case which allowed attorneys fees to a debtor who successfully obtained the dismissal of an involuntary petition where the court did not state that equity mandated the result. *In re Hogsett*, 1 F.R.D. 284 (S.D.Cal.1940). However, because that case did not describe the facts or discuss the law, it has minimal precedential value.

*Railroad Corp., supra; In re Hunt, supra; In re Robinson, supra,* it does not appear from the record whether this issue was before the Bankruptcy Court. Therefore, the case must be remanded for a determination in accordance with the principles set out in this opinion.[6]

■ The other means of obtaining attorneys fees is under Rule 115(e).[7] I concur wholeheartedly with Judge Goldhaber's analysis of the Rule and can add little to it. However, because of the paucity of decisional law concerning the Rule, it is important to emphasize a few points in light of various contentions by both appellant and appellee. As 1 *Collier on Bankruptcy* ¶ 2.70, p. 377, points out, Rule 115(e) adds a "new dimension to the concept of costs." At the outset, the prevailing party is entitled to "the same costs . . . allowed to a prevailing party in a civil action." This was the extent of General Order 34 which is replaced by Rule 115(e). In addition, under Rule 115(e), the prevailing party is entitled to "counsel fees, and . . . any other sums required by the Act." The exact language of the Rule is critical. The prevailing party may recover "the same costs . . . *and* reasonable counsel fees, *and* . . . any other sums required by

the Act." Thus, the rights are cumulative. The prevailing party may recover costs and attorneys fees in the Bankruptcy Court.[8] Moreover, the attorneys fees may be awarded without regard to equitable considerations as formerly required by § 2(a)(18) and General Order 34 or the detention of debtor's property as required by § 69(b). As the Advisory Committee Note states, the authority to award costs and counsel fees is found in § 2(a)(18). The reference to § 69(b) in the Note is in conjunction with the last clause—"other sums required by the Act".

■ The Bankruptcy Court correctly found that Eastern could not satisfy the requisites of Rule 115(e). The Rule requires the case be commenced by a petition pursuant to Rule 104(a) or 105(b), and that the petition be dismissed or withdrawn. In the instant case, the applicable rule is 104(a)—involuntary petition. While the involuntary petition was dismissed, it was not filed pursuant to Rule 104(a). As Judge Goldhaber observed, Rule 104(a) was not effective until October 1, 1973 and the creditor's petition was filed November 10, 1971. Thus, Eastern cannot avail itself of the benefits of Rule 115(e). It is of no moment that Rule 104(a) may be either the

---

6. The award of attorneys fees, if required by equitable principles under § 2(a)(18) and General Order 34 is seemingly unaffected by the Supreme Court's recent decision in *Alyeska Pipe Line Service Co. v. Wilderness Society, supra* 421 U.S. at 258, 95 S.Ct. at 1622.

   [A] court may assess attorneys' fees . . . when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." [citations omitted]

   \*   \*   \*   \*   \*

   These exceptions are unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations, unless forbidden by Congress
   . . . .

7. (e) *Award of Costs.* When a case commenced by the filing of a petition against any person pursuant to Rule 104(a) or 105(b) or (c) is dismissed or withdrawn, the court on reasonable notice to the petitioner or petitioners may award to the prevailing party the same costs

that are allowed to a prevailing party in a civil action and reasonable counsel fees, and shall award any other sums required by the Act.

8. Prior to Rule 115(e) a debtor who had successfully obtained a dismissal of an involuntary petition could proceed to recover attorneys fees in a separate action against the petitioning creditor(s) under a tort theory. *See, e. g., In re Shon,* 212 F. 797 (D.Mass. 1913). However, the use of Rule 115(e) greatly streamlines this procedure by allowing the prevailing debtor to obtain attorneys fees in the same court which dismissed the petition. In this regard a serious question arises, however, concerning whether the Bankruptcy Rules which are procedural in nature have transgressed, without authority, into substantive rights. *See Landers, The New Bankruptcy Rules: Relics of the Past as Fixtures of the Future,* 57 Minn.L.Rev. 827, 843–44 (1973).

embodiment or functional equivalent of earlier involuntary petitions. The language of Rule 115(e) is clear. The petition must be *"filed pursuant to Rule 104(a)"* (emphasis added), and this would have been impossible in this case. This language is equally compelling in concluding that the instant case was not "pending" within the meaning of the Order of the United States Supreme Court of April 24, 1973, which transmitted the Bankruptcy Rules. 411 U.S. 989, 991, 93 S.Ct. 3081, 36 L.Ed.2d xxx vii (1973).