**In re HOWARD, NEILSEN & RUSH, INC., Alleged Bankrupt.**

**Bankruptcy No. 77–31463.**

United States Bankruptcy Court, M. D. Tennessee.

Nov. 27, 1979.

452

John H. Roe, Jr., Trabue, Sturdivant & DeWitt, Nashville, Tenn., for Howard, Neilsen & Rush, Inc.

J. Michael Franks, Manier, White, Herod, Hollabaugh & Smith, Nashville, Tenn., for Reliance Ins. Co.

Robert H. Waldschmidt, Nashville, Tenn., for C. Kinian Cosner, Jr., receiver for Mohawk Const. Co.

Bernard L. Balkin, Professional Corp., Kansas City, Mo., for Reliance Ins. Co.

## MEMORANDUM AND ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

Alleged bankrupt Howard, Neilsen & Rush, Inc. (hereinafter referred to as HNR) moves the court to amend its judgment entered on January 30, 1979, to award HNR its costs and reasonable counsel fees pursuant to Bankruptcy Rule 115(e).

This court dismissed the involuntary petition filed against HNR by Reliance Insurance Co., Inc. (hereinafter referred to as RELIANCE) after making extensive findings of fact and conclusions of law. HNR is therefore the "prevailing party" within the meaning of Bankruptcy Rule 115(e).

Initially, this court holds that it has jurisdiction to resolve both the costs and counsel fees issue at this point in the proceedings despite the pending appeal to the district court. It is of the opinion that the appellate court can best resolve these issues in conjunction with its decision on the substantive issues.

Section 69b of the Bankruptcy Act, 11 U.S.C. § 109(b), does not apply in the instant case, because no "seizure, taking or detention" of the alleged bankrupt's property occurred.

The only other two provisions which this court can consider then, are found in § 2a(18) of the Bankruptcy Act, 11 U.S.C. § 11(a)(18), and in Bankruptcy Rule 115(e), which provides that

"(W)hen a case commenced by the filing of a petition against any person pursuant to Rule 104(a) or Rule 105(b) or (c) is dismissed or withdrawn, the court on reasonable notice to the petitioner or petitioners may award to the prevailing party the same costs that are allowed to a prevailing party in a civil action and reasonable counsel fees, and shall award any other sums required by the Act."

The law which has developed in this area is well-described in *In re Eastern Erectors, Inc.*, 396 F.Supp. 797, 801 (E.D.Pa.1975):

"Prior to adoption of Bankruptcy Rule 115(e), a debtor who successfully obtained dismissal of an involuntary petition in bankruptcy could proceed to recover damages under § 2(a)(18) and General Order 34. These provisions speak only in terms of costs and do not specifically authorize attorneys fees. Because it has been widely held that attorneys fees are not costs under the Bankruptcy Act, *see, e. g. Berry v. Root*, 148 F.2d 945 (5th Cir.), *cert. denied*, 326 U.S. 755, 66 S.Ct. 91, 90 L.Ed. 453 (1945); *In re Warstler, CCH Bankr.L.Rep.* ¶ 63,083 (W.D.Mich.1969), and that attorneys fees are not ordinarily recoverable by a prevailing litigant without specific statutory authorization, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), an award of attorneys fees to a debtor who successfully obtained dismissal of an involuntary petition would not ordinarily be possible. *See, e. g. Berry v. Root, supra; In re Childs*, 52 F.Supp. 89 (S.D.N.Y.1943); *In re Sabul*, 36 F.Supp. 95 (D.N.J.1940); *In re Wilkes-Barre Hotel Co.*, 17 F.Supp. 875 (M.D.Pa.1937); *In re Shon*, 212 F. 797 (D.Mass.1913); *In re Hines,.* 144 F. 142 (D.Or.1906); *In re Morris*, 115 F. 591 (E.D.Pa.1902); *In re Ghiglione*, 93 F. 186 (S.D.N.Y.1899).

An exception to this rule has developed in bankruptcy cases generally, to award attorneys fees if required by equitable principles, such as business libel or lack of good faith by the losing party. *In re Boston and Providence .Railroad Corp.*, 501 F.2d 545 (1st Cir. 1974); *In re Hunt*, 496 F.2d 882 (5th Cir. 1974); *In re Brendan Reilly Associates, Inc.*, 405 F.2d 487 (2d Cir. 1968); *In re National Carbon Co.*, 241 F. 330 (6th Cir. 1917); *In re Carico*, 308 F.Supp. 815 (E.D.Va.1970); *In re Robinson, CCH Bankr. Law Rep.* ¶ 63,745 (M.D.Ga.1970); *In re Warstler, supra* ; *In re Industrial Sound Engineering, Inc.*, 230 F.Supp. 154 (E.D.Wis.1964). The authority for this exception rests upon the general equity powers of the federal courts. *Hall v. Cole, supra. See also, Sprague v. Ticonic National Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). In this context, language of General Order 34 which allowed recovery of the 'same costs that are allowed to a party recovering in a civil action cognizable as a case in equity' is instructive."

■ In the instant case, the court finds no lack of good faith on the part of RELIANCE which would warrant an award of counsel fees on equitable principles. Nor has any other conduct of RELIANCE come to the court's attention which would indicate that the involuntary petition was filed groundlessly, with intent to harass, vexatiously, or oppressively. *See In re Eastern Erectors, Inc.*, 3 Bankr.Ct.Dec. 186, 188 (Bankr.Ct. E.D.Pa.1977). In short, no equitable basis for an award of costs and counsel fees exists in this case.

■ The only remaining grounds upon which the award of costs and counsel fees may be based, then, is Bankruptcy Rule 115(e). This rule dramatically changes the old equitable standard. It "brings a new dimension to the concept of costs. If an involuntary petition is dismissed, the court may on reasonable notice to the unsuccessful petitioner award the same costs as are allowed to a prevailing party in a civil action, *including reasonable counsel fees.*" 1 Collier on Bankruptcy ¶ 2.70, at 377 (14th ed. 1974).

■ From this, it appears that the old equitable standard for award of costs and counsel fees, limiting their award to situations involving bad faith or oppressive and vexatious conduct on the part of petitioning creditors, has been drastically altered. Bankruptcy Rule 115(e) contemplates a *routine* award of costs and counsel fees to the prevailing party upon dismissal or withdrawal of an involuntary petition. No bad faith need be shown. *See, e. g. In re Eastern Erectors, Inc., supra.* This is the Rule of the New Bankruptcy Code, 11 U.S.C. § 303(i).

■ From this, the court concludes that the alleged bankrupt is entitled to recover both its costs and counsel fees from RELIANCE in the following amounts:

(1) Professional services from October 1, 1977, to February 28, 1978, described in Item 3 on Exhibit "A" attached to "Application for Allowance" filed March 12, 1979   $2,288.90

(2) Professional services from March 1, 1978, through August 31, 1978, and disbursements related thereto   $ 909.05

(3) One half of the expense items totalling some $100.47 and classified as "disbursements" on Exhibit "B" attached to "Application for Allowance" filed March 12, 1979   $ 50.23

TOTAL   $3,248.18

HNR's motion is GRANTED. The judgment will be amended to reflect an award of costs and counsel fees to HNR in the amount of $3,248.18.

It is so ordered.