In the Matter of **INDUSTRIAL SOUND ENGINEERING, INC.**, a corporation, Alleged Bankrupt.
No. 62-B-111.

United States District Court
E. D. Wisconsin.
April 2, 1964.
Rehearing Denied June 26, 1964.

Thomas Nelson, Milwaukee, Wis., for alleged bankrupt-petitioner.

Jack D. Moertl, Milwaukee, Wis., for petitioning creditors.

GRUBB, District Judge.

Industrial Sound Engineering, Inc., successfully resisted an adjudication of bankruptcy. Petitioning creditors alleged in their amended petition that Industrial Sound Engineering, Inc., had committed an act of bankruptcy in that it did during the months of December 1961 and January 1962 conceal, remove, or permit to be concealed or removed part of its property with intent to hinder or delay or defraud its creditors. Upon trial, the creditors failed to prove the alleged act of bankruptcy, and the Referee in Bankruptcy dismissed the action. The alleged bankrupt included in its bill of costs an item of $800.00 for accountants' fees for the preparation of audited balance sheets. This amount was taxed by the clerk of courts. Following objections by the petitioning creditors, this court referred this objection to costs to Referee McCarty. Referee McCarty entered a decision and order disallowing

the $800.00 for accountants' fees. The matter is before this court for a review of the Referee's decision denying these accountants' fees as costs.

Counsel for the alleged bankrupt has alleged, among other things, that the Referee in Bankruptcy refused to hold an evidentiary hearing on the allowance of these costs, permitting only oral argument. This court is unable to find anything in the record to indicate that counsel for Industrial Sound Engineering, Inc., ever requested the opportunity to present evidence on this matter.

Counsel for the alleged bankrupt also contends that the accountants' fees should be taxed because Referee in Bankruptcy Hilgendorf suggested such a course at a pretrial conference held on March 20, 1962. Counsel for the creditors claims that Referee Hilgendorf made this suggestion after finding that the only existing books and records of the company consisted of cardboard boxes filled with canceled checks. Although it is unfortunate that different Referees handled various aspects of this case, the record is clear that it was brought to Referee McCarty's attention that the decision to hire an accountant was at least partially the result of Referee Hilgendorf's suggestion.

Referee McCarty based his refusal to allow the accountants' fees as costs on the following basis:

1. Had the alleged bankrupt had its books and records in order, the creditors or stockholders could have determined the financial condition of said corporation and determined in advance that said corporation had a complete defense.

2. The case could most probably have been disposed of without trial by proper pleading and procedure on the part of the alleged bankrupt.

■ The fact that the case *might* have been disposed of without trial by a motion to dismiss is not in itself indicative of anything. To hold otherwise would result in the court's deciding from a position of hindsight the wisdom of counsel's trial strategy. If counsel had ob-

viously chosen a course of procedure which on its face was designed to impose undue burdens or hardships on the other party, or purposely increased his costs, this would constitute a different matter. There is nothing in the record, as certified to this court, which would indicate that this was the situation here. The Referee's decision merely recites that a motion to dismiss *probably* would have disposed of the case. To hold it against counsel under such a situation would constitute an unwarranted imposition of the court's judgment of proper strategy for that of the attorney for the alleged bankrupt.

The key portion of the Referee's decision is the finding that the corporation's books and records were in such poor shape that creditors and stockholders were prevented from determining the financial condition of the corporation and thus prevented from ascertaining in advance that said corporation was not insolvent and therefore not bankrupt. The decision evidences a belief by the Referee that equity demands a denial of this item of costs, since the prevailing party's neglect was responsible for the instigation of the bankruptcy proceedings.

■ Section 2, a(18) of the Bankruptcy Act provides for the taxing of costs against the unsuccessful party. General Order 34 amplifies this rule and provides:

"In cases of involuntary bankruptcy, when the debtor resists an adjudication, and the court, after hearing, adjudges the debtor a bankrupt, the petitioning creditor shall recover, and be paid out of the estate, the same costs that are allowed to a party recovering in a civil action cognizable as a case in equity; and if the petition is dismissed, the debtor shall recover like costs against the petitioner."

■ The phrase "civil action cognizable as a case in equity" refers to actions in federal courts under the Federal Rules of Civil Procedure wherein procedural distinctions between law and equity have

been abolished. Colliers on Bankruptcy, Vol. 1, at 352, Note 9. The Bankruptcy Act provides much the same rule as embodied in Rule 54(d), Federal Rules of Civil Procedure, where the matter of taxing costs is left largely to the discretion of the court. Likewise, a bankruptcy court has wide discretion in taxing costs. In re Joslyn's Estate, 171 F.2d 159 (7th Cir. 1948).

█ The Referee was familiar with the proceedings and the situation. He found that it would be inequitable to allow the accountants' fees as costs to the petitioning creditors. The record furnishes ample support for such a decision. He has not abused his discretion.

The order of the Referee in Bankruptcy is hereby confirmed.